NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARRY R. BROWN,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7031

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2716, Judge Margaret C. Bartley.

---

Decided: June 10, 2013

---

BARRY R. BROWN, of Topeka, Kansas pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM,, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy

Assistant General Counsel, and JOSHUA P. MAYER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM

Barry R. Brown appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief. *Brown v. Shinseki*, No. 12-2716, 2012 U.S. App. Vet. Claims LEXIS 2187 (Vet. App. Oct. 24, 2012) ("Veterans Court Decision"). Because Mr. Brown's appeal requires the application of law to fact, this court *dismisses* for lack of jurisdiction.

BACKGROUND

Mr. Brown served in active service from 1972 to 1974. In August 2008, the Department of Veterans Affairs ("VA") Regional Office ("RO") granted service connection for Mr. Brown's pseudofolliculitis barbae and assigned a ten percent rating. In April 2010, after numerous proceedings, the RO ultimately granted a thirty percent rating effective from the date Mr. Brown filed his pseudofolliculitis claim. Mr. Brown sought a higher rating by appealing to the Board of Veterans' Appeals ("Board"). The Board denied a higher rating in March 2011. Mr. Brown appealed, and the Veterans Court vacated and remanded the Board's decision due to the Board's failure to state sufficient reasons and bases for the Board's denial.

On July 18, 2012, the Board ordered a remand to the RO to obtain records from the Social Security Administrating regarding a non-service-connected pension claim. The Board found Mr. Brown's social security records were

"potentially relevant to [his] claim on appeal and [were] not included in the claims file." App'x at 8 (citing *Golz v. Shinseki*, 590 F.3d 1317 (Fed. Cir. 2001) (discussing the VA's duty to assist and instances when Social Security Administration records would be relevant to the veteran's claim)).

A little over a month later, on August 24, 2012, Mr. Brown filed a petition for a writ of mandamus in the Veterans Court, seeking relief from the delay caused by the Board's remand to the RO. He stated that he foresaw "a delay of perhaps years while his claim [was] further processed by the RO and the Board," and asked the Veterans Court to "eliminate the future administrative delays" by awarding him a higher disability rating. Veterans Court Decision at *1-2.

The Veterans Court held the approximately four-month delay resulting from the Board's remand was not "so unreasonable as to support the issuance of a writ." *Id.* at *4. Nor did it find Mr. Brown's "expectation of further future delays in processing his claim on remand" was an appropriate basis for granting extraordinary relief. *Id.* The court thus held Mr. Brown failed to show that he "lack[ed] adequate alternative means to achieve the desired relief," and denied his petition for a writ of mandamus. *Id.* at *5. Mr. Brown filed this timely appeal.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or

regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). This court has jurisdiction to review the Veterans Court's denial of a writ of mandamus in circumstances involving the interpretation of a regulation or statute or a constitutional claim. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) ("This court has jurisdiction to review the CAVC's decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . . We may not review the factual merits of the veteran's claim . . . ."); *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002) (exercising jurisdiction over appellant's statutory interpretation and constitutional arguments arising from the Veterans Court's denial of appellant's petition for mandamus).

Mr. Brown appeals the Veterans Court's denial of his petition for a writ of mandamus, arguing the Board's remand to the RO was "not warranted." Attachment to Appellant's Br. at 3. He appears to contend that the investigation of his social security file should have been assigned a separate case number rather than being "added in" with the entitlement for an increased rating. *Id.* Mr. Brown also argues that the RO improperly delayed deciding the issue of his effective date "until [he] mentioned it (3) years later," when "they said [his] time had expired to file." *Id.* at 2. These arguments all raise factual issues beyond this court's jurisdiction. 38 U.S.C. § 7292(d)(2). Accordingly, Mr. Brown's appeal is dismissed.

**DISMISSED**