Citation Nr: 1331551 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 08-27 196 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUES

1. Entitlement to an evaluation in excess of 30 percent for status post left total knee replacement beginning December 1, 2007, exclusive of the period from July 21, 2010, through August 31, 2011. 

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU rating).


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K. Hudson, Counsel


INTRODUCTION

The Veteran had active service from September 1968 to August 1971.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a regional office (RO) rating decision of January 2008, which denied a rating in excess of 30 percent for left total knee replacement residuals beginning December 1, 2007. Before that, a 100 percent rating for left total knee replacement surgery in October 2006, pursuant to 38 C.F.R. § 4.30 and § 4.71a, Diagnostic Code 5055, was in effect. Subsequently, he was also granted a total rating for the period from July 21, 2010, through August 31, 2010, for revision of the left total knee replacement; thus, the rating for that period of time is not for consideration. 

In May 2010, the Veteran appeared at a hearing held at the RO before the undersigned (i.e., Travel Board hearing). 

The Board denied the claim in August 2010. The Veteran then appealed to the U.S. Court of Appeals for Veterans Claims (Court). In a memorandum decision dated in May 2012, the Court set aside the Board's decision, and remanded the matter for action consistent with the decision. Pursuant thereto, the Board remanded the appeal in December 2012, and the case has now been returned to the Board. 

In the August 2010 Board decision, the Board also remanded the issue of entitlement to a TDIU rating to the RO for initial consideration. The RO denied that claim in June 2012, and the Veteran did not appeal the determination. As discussed in more detail below, however, the Board finds that a new claim for a TDIU rating has been raised by the record, which is properly before the Board as part of the increased rating claim. See Rice v. Shinseki, 22 Vet. App. 447 (2009). 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, it is again necessary to remand this appeal, because the development ordered by the Court and the Board was not accomplished. See Stegall v. West, 11 Vet. App. 268 (1998) (Board remand instructions are neither optional nor discretionary, and compliance is required); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (the Veteran is entitled to substantial compliance with the Board's remand directives). 

Specifically, the RO/AMC was directed to submit the issue of entitlement to an increased rating for the left total knee replacement to the Director, Compensation and Pension Service, or the Under Secretary for Benefits for extraschedular consideration under 38 C.F.R. § 3.321(b)(1). Instead, the RO/AMC requested consideration of the following stated issue: "Consideration of entitlement to extra-schedular evaluation for service-connected disabilities under the provisions of 38 C.F.R. § 4.16(b)." As expected by the citation to 38 C.F.R. § 4.16(b), the determination solely addressed the matter of whether the Veteran was unemployable due to his service-connected disabilities, which had not been requested. In this regard, an extraschedular TDIU rating had been previously addressed by the Director of Compensation and Pension Service in June 2012. A determination addressing the issue of entitlement to an increased rating, on an extraschedular basis, for the left total knee replacement residuals must be obtained. 

In the August 2010 Board decision, the Board also remanded the issue of entitlement to a TDIU rating to the RO, on the basis that a TDIU claim had been raised by the record. See Rice v. Shinseki, 22 Vet. App. 447 (2009) (TDIU claim is part of an increased rating claim and is properly before the Board when such claim is raised by the record). At that time, the Veteran's combined rating was 50 percent, and, thus, he did not meet the requirements for a TDIU on a schedular basis under 38 C.F.R. § 4.16(a). Therefore, the claim was remanded for consideration on an extraschedular basis. See 38 C.F.R. §§ 3.321(b), 4.16(b). The RO referred the issue to the Director of the VA Compensation and Pension Service for extraschedular consideration. See Bowling v. Principi, 15 Vet.App. 1 (2001). The Director determined that an extraschedular TDIU rating was not warranted in June 2012, and the RO issued a supplemental statement of the case in June 2012, denying entitlement to a TDIU rating. The Veteran did not appeal that determination. 

Subsequently, however, the Veteran's representative raised the issue of entitlement to a TDIU rating in an informal hearing presentation dated in September 2013. Additionally, due to an increase to 30 percent for the rating assigned for the Veteran's service-connected right total knee replacement residuals, the Veteran now meets the schedular criteria for consideration of entitlement to a TDIU rating under 38 C.F.R. § 4.16(a). In this regard, for consideration based on schedular requirements, there must be one disability ratable at 60 percent or more, or, if more than one disability, at least one disability ratable at 40 percent or more and a combined disability rating of 70 percent. 38 C.F.R. § 4.16(a). Here, the Veteran's combined disability rating for his service-connected disabilities is 60 percent, effective September 1, 2011. 

Although the combined rating is based on multiple disabilities, disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, will be considered as one disability. 38 C.F.R. § 4.16(a)(1). Alternatively, disabilities affecting a single body system, such as the orthopedic system, will be considered as one disability. 38 C.F.R. § 4.16(a)(3). Here, the Veteran has three service-connected orthopedic disabilities: Total knee replacements of both knees, each rated 30 percent disabling, and 10 percent for a service-connected low back disability. (Service connection for the low back disability was granted by a Hearing Officer's decision in November 1995, which granted service connection on the basis of aggravation of a non-service-connected disability by the service-connected left knee disability, and subtracted 10 percent for non-service-connected disability.) The combined disability rating is 60 percent. 38 C.F.R. § 4.25 (2013). A 60 percent combined evaluation is also achieved based on the bilateral total knee replacements, with the addition of the bilateral factor. 38 C.F.R. § 4.26(a) (2013). 

The Veteran was awarded disability benefits by the Social Security Administration (SSA) in a decision dated in November 2012. The disabilities listed on the notice of decision provided to the Board by the Veteran in February 2013 include service-connected bilateral knee and low back disabilities. Although non-service-connected high cholesterol and high blood pressure were also listed, the importance of those factors in the decision cannot be ascertained on the basis of the information provided. Consequently, records pertaining to this decision must be obtained if available. See Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010) (VA must request potentially relevant SSA records). 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file updated outstanding or current VA medical records and/or any updated private medical records as may be reasonably identified by the Veteran.

2. Provide VCAA notice with respect to the claim for a TDIU rating. Ask the Veteran to complete and return an updated VA Form 21-8940, Veteran's Application for Increased Compensation Based Upon Unemployability, and/or other documents containing the necessary employment and education history. Also, ask the Veteran to have his most recent employer complete and return a VA FL 29-459, Request to Employer for Employment Information in Connection with Claim for Disability Benefits, or other form asking for similar information. 

3. Contact the SSA and request a copy of the Veteran's complete SSA disability benefits file, including all of the associated medical records, in particular, all records obtained in connection with a claim for disability benefits granted in a decision dated in November 2012. A copy of any response(s) from SSA, to include (if applicable) a negative reply, should be included in the claims file. All records provided by SSA also should be included in the claims file.

4. Submit the issue of entitlement to an evaluation in excess of 30 percent for status post left total knee replacement, for any or all of the period from December 1, 2007, to the present (exclusive of the period from July 21, 2010, through August 31, 2011) to the Director, Compensation and Pension Service, or the Under Secretary for Benefits, for extraschedular consideration under 38 C.F.R. § 3.321(b)(1).

5. After giving the Veteran full opportunity to supplement the record and undertaking any other development deemed appropriate, including a medical examination if indicated, RO/AMC should adjudicate the claims for an increased rating for left total knee replacement, on both schedular and extraschedular bases, and for a TDIU rating, on a schedular basis. 

6. If the decision as to either issue is less than a full grant of the benefit sought, the Veteran and his representative should be furnished a supplemental statement of the case, and afforded an opportunity to respond, before the appeal is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).