Citation Nr: 1438769 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 05-31 928 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

K. Curameng, Counsel



INTRODUCTION

The Veteran had active duty service from June 1974 to June 1976.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2004 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). This matter was remanded in November 2010, October 2012, July 2013 and March 2014 for further development. 

This appeal was processed using the Virtual VA and VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of both electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, the development conducted pursuant to the prior remands is still inadequate. 

The Board remanded the claim in March 2014, in part, for an adequate medical opinion since the January 2014 examiner only rendered an opinion on some of the Veteran's service-connected disabilities (migraine headaches, depressive disorder, perforated esophagus, and scar). Service connection is in effect for migraine headaches; scar associated with cervical degenerative disc disease (DDD); comminuted fracture third metacarpal left hand; left hand muscle injury; perforated esophagus through and through with gastroesophageal reflux; depressive disorder NOS with anxiety disorder NOS associated with migraine headaches; cervical DDD; gunshot scars and tracheotomy scars neck; left vocal cord paralysis due to tracheal injury; and fracture of the mandible with a combined rating of 70 percent, effective June 3, 2009. Prior to the that date, the combined rating was 40 percent, effective from December 9, 2008. 

Per the Board's remand, a May 2014 addendum opinion was obtained and the examiner was specifically asked whether the Veteran's service-connected disabilities impaired employment. When asked to further provide "adequate documentation for opinion," the examiner directed the reader's attention to past inadequate VA examinations. For example, for migraine headaches, scar associated with cervical DDD, and perforated esophagus through and through, the examiner noted: "C and P exam 12/30/2012." The same format was used when providing different examination dates for the remaining disabilities. 

The Board sought a complete rationale based on the examiner's clinical experience, medical expertise and established medical principles. See Stegall v. West, 11 Vet. App. 268 (1998). For some of the disabilities, the "rationale" provided by the examiner merely cited to previous VA examination reports; all of which the Board has specifically found inadequate. The examiner offered no additional comment,

In additional to the lack of rationale, there was no opinion was rendered for gunshot scars and tracheotomy scars neck; left vocal cord paralysis due to tracheal injury; and fracture of the mandible even though each were listed on the examination report. Also, the examiner did not consider the combined effect of the Veteran's service-connected disabilities on employment. 

As prior examiners have noted, the Veteran's disability picture is complicated by nonservice-connected disabilities. Nevertheless, an adequate opinion is required. If the examiner is unable to provide an opinion, the reason for that should be made clear. For example, the examiner should indicate whether there was any further need for information or testing or whether an opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

Since the past examination findings do not address the functional impact for each disability or their combined effect, an adequate addendum opinion should be obtained. 

There is also an outstanding treatment record. For the Veteran's nonservice-connected cranial nerve condition, the May 2014 examiner rendered an opinion that included a "Doctor note dated 7/7/2003" which is not of record. It is unclear whether this is a private or VA treatment report. Even though the examiner referenced it in connection with a nonservice-connected disability, the record (or even other records from the unidentified medical facility) may potentially include references to his service-connected disabilities and their effects on the Veteran's unemployability. To be sure, this record should be associated with the Veteran's electronic record. Further, the most recent treatment record contained in the electronic file is from January 2014. Updated treatment record should be obtained, if any. 

A June 2009 VA examination report shows that the Veteran is in receipt of Social Security Administration (SSA) disability benefits due to cranial nerve III palsy, with no depth perception, diplopia (which are nonservice-connected disorders). The examiner stated that the Veteran "was unable to return to work due to this, as well as cognitive concerns." (Emphasis added). The Veteran is service-connected for depressive disorder NOS. A December 2012 VA psychiatric examination shows mild memory loss (a cognitive symptom) that is associated with his depression. Thus, an attempt should be made to obtain any documents related to the SSA award. See Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010); 38 U.S.C.A. § 5103A(c)(3).

Prior to June 3, 2009, the Veteran did not meet the minimum percentage requirements for a TDIU set forth in 38 C.F.R. § 4.16. Even when the percentage requirements of 38 C.F.R. § 4.16(a) are not met, a TDIU may be granted on an extraschedular basis in exceptional cases when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service connected disability. 38 C.F.R. § 4.16(b). Therefore consideration of whether referral for an extraschedular evaluation is necessary must be undertaken upon remand. 38 C.F.R. § 4.16(b). If the VA examiner determines that the Veteran's service-connected disabilities render the Veteran unemployable, the matter of entitlement to a TDIU must be submitted to the Director of the Compensation and Pension. 

Accordingly, the case is REMANDED for the following action:

1. Obtain the names and addresses of all medical care providers who treated the Veteran for his service-connected disabilities since January 2014. After securing the necessary release, obtain these records and outstanding records, such as the July 7, 2003 doctor's note (cited in the May 2014 addendum opinion). Also obtain updated VA treatment records since January 2014. 
 
2. Obtain copies of any and all SSA and medical records related to any application for disability benefits filed by the Veteran.
 
3. Thereafter, obtain an addendum opinion from the May 2014 examiner (or, if unavailable, from a medical professional with appropriate expertise) for an opinion as to whether the Veteran's service-connected disabilities render him unemployable. The Veteran's VBMS and Virtual VA files should be made available to the examiner for reviewing connection with the opinion.

If an examiner determines that an opinion cannot be provided without an examination, the RO should schedule the Veteran for an appropriate VA medical examination.

Following review of the electronic record, the examiner is requested to provide an opinion as to whether it is at least as likely as not that the Veteran's service-connected disabilities (migraine headaches; scar associated with cervical DDD; comminuted fracture third metacarpal left hand; left hand muscle injury; perforated esophagus through and through with gastroesophageal reflux; depressive disorder NOS with anxiety disorder NOS associated with migraine headaches; cervical DDD; gunshot scars and tracheotomy scars neck; left vocal cord paralysis due to tracheal injury; and fracture of the mandible), either singly or taken together, render him unable to secure or follow a substantially gainful occupation versus marginal employment. 

The examiner should consider the following when rendering the opinion:

The examiner should describe all functional impairment caused by each of the Veteran's ten (10) service-connected disabilities and the combined effect the service-connected disabilities has on his employment. 

Consideration should not be given to any of the Veteran's nonservice-connected disabilities. 

Detailed rationale is requested for the opinion provided. The examiner is to avoid citing to past inadequate VA examinations and/or requests for examinations. Instead, the complete rationale should be based on, but not limited to, the examiner's clinical experience, medical expertise and established medical principles. If an opinion cannot be made without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

4. Thereafter, if and only if the VA examiner determines that the Veteran's service-connected disabilities render him unemployable and the Veteran does not meet the percentage requirements for a TDIU under 38 C.F.R. § 4.16(a) for the period prior to June 3, 2009, consider whether referral of the case to VA's Director of C&P for consideration of entitlement to a TDIU under the provisions of 38 C.F.R. § 4.16(b) is appropriate. 

5. Review the claims file to ensure that all of the foregoing requested development is completed, and arrange for any additional development indicated. Then readjudicate the claim. If the benefit sought remains denied, issue an appropriate supplemental statement of the case (SSOC) and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board, if in order, for further appellate review. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).