Citation Nr: 1513873 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 08-08 022 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

1. Entitlement to an increased initial rating for lumbar strain with degenerative changes, L2-L3 (a low back disability), rated as of 10 percent disabling prior to October 14, 2011, and 20 percent thereafter.

2. Entitlement to an increased initial rating for ischemic heart disease (IHD) status post coronary artery bypass graft surgery and stent placement with residual scars, rated as 10 percent disabling from August 4, 2005, 60 percent disabling from November 30, 2010, and 30 percent disabling from October 15, 2011.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Jenkins, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from August 1960 to August 1968 and from August 1969 to August 1981. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2006 rating decision by the Seattle, Washington Department of Veterans Affairs (VA) Regional Office (RO), which, in pertinent part, granted service connection for a lumbar strain with degenerative changes, rated at 0 percent, effective August 4, 2005. 

A July 2014 Board decision denied entitlement to a rating in excess of 10 percent rating prior to October 14, 2011 and/or in excess of 20 percent thereafter. Subsequently, the Veteran appealed the Board's denial to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a February 2015 Order granting a Joint Motion for Remand (JMR), the July 2014 Board decision was vacated and the appeal was remanded to the Board for action consistent with the terms of the JMR.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As noted above, the Court set aside the Board's July 2014 decision and remanded the Veteran's claim for an increased initial rating for his low back disability in February 2015 for development consistent with the JMR. Specifically, the JMR found that the July 2014 Board decision had not ensured substantial compliance with the Board's August 2011 remand which, in pertinent part, directed the Veteran be afforded a VA examination to assess the nature and severity of his lumbar spine disability. The August 2011 remand specifically directed the examiner to "report the point (in degrees) where any motion is effectively limited by pain" and "also report any additional functional loss due to weakness, fatigue, or incoordination." 
The Veteran was provided a VA spine examination in October 2011. While the examiner noted the point, in degrees, the Veteran's range of motion was limited due to pain during initial range of motion testing. The JMR found that the examination report did not substantially comply with the remand directives because the examiner did not specifically opine "the point (in degrees) where any motion is effectively limited by pain [and]... any additional functional loss due to weakness, fatigue, or incoordination." On remand, the Veteran should be afforded a new VA spine examination and the examiner must provide the opinion that was found lacking. 

Additionally, the Board notes that in an October 2005 correspondence, the Veteran indicated that he had included the Social Security Administration (SSA) records in his possession pertinent to his, then pending, claims for hypertension and coronary artery disease. In a March 2012 correspondence, the Veteran reported that he was granted SSA disability due to his right knee replacement and quadruple heart bypass. The Board is aware that it need not obtain SSA records prior to determining that there is no reasonable possibility that the records are relevant to the Veteran's claim for VA compensation. See Golz v. Shinseki, 590 F.3d 1317, 1320-21 (Fed. Cir. 2010). However, that possibility cannot be excluded under the circumstances presented here. Although the Veteran has acknowledged that he was granted SSA disability for other disabilities, the Board finds that the SSA records may contain relevant evidence to the present appeal. A review of the record reveals that SSA records were not requested directly from SSA. As it is unclear from the Veteran's correspondences whether complete SSA records were associated with the claims file and whether any outstanding records are relevant to the present appeal, on remand SSA records must be obtained from the SSA. 

With regard to the claim for an increased initial rating for IHD, the Veteran filed a timely notice of disagreement (NOD) with the March 2012 rating decision, which granted service connection for IHD and assigned an initial rating of 10 percent disabling from August 4, 2005, a 60 percent rating from November 30, 2010, and a 30 percent rating from October 15, 2011. The filing of a NOD places a claim in appellate status. The failure to issue a statement of the case (SOC) in such a circumstance renders a claim procedurally defective and necessitates a remand. See 38 C.F.R. §§ 19.9, 20.200, 20.201 (2014). To date, the AOJ has not issued a SOC addressing the Veteran's claim. Under these circumstances, the Board must remand the claim to the AOJ to issue a SOC. See Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). The Board notes, however, that this claim will be returned to the Board for appellate consideration after issuance of the SOC only if an appeal is perfected by the filing of a timely substantive appeal. See Smallwood v. Brown, 10 Vet. App. 93, 97 (1997).

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the record all VA treatment records for the Veteran dated from November 2010 to the present

2. Contact the Veteran and request that he submit a properly executed and separate VA form 21-4142 for any updated private treatment he received for his service-connected low back disability. Upon receipt of such, VA must take appropriate action to request all treatment records. All efforts to obtain these records must be documented. The AOJ must make two (2) attempts to obtain any private medical evidence identified, unless the first attempt demonstrates that a second attempt would be futile.

If any private records are identified but not obtained, the RO must inform the Veteran of (1) the identity of the records sought, (2) the steps taken to obtain them, (3) that the claim will be rated based on the evidence available, and (4) that if the records are later obtained the claim may be readjudicated.

3. Obtain from the SSA the records pertinent to the Veteran's claim for Social Security disability benefits as well as the medical records relied upon concerning that claim.

4. Provide the Veteran with a SOC addressing the pending appeal for entitlement to an increased initial rating for IHD. The Veteran and his representative are reminded that to vest the Board with jurisdiction over those issues, a timely substantive appeal must be filed. 38 C.F.R. § 20.202 (2014). 

5. The Veteran should then be scheduled for a VA examination to assess the nature and severity of his low back disability and any associated neurological symptoms. The claims file, including a copy of this remand, must be made available to the examiner for review in connection with the examination. Any medically indicated special tests should be accomplished. All manifestations related to the Veteran's service-connected lumbar spine disability must be documented. 

Appropriate range-of-motion testing should be accomplished, to include the point at which pain begins. 

The examiner must opine (in degrees if possible) to what extent, if any, the Veteran's initial motion is affected by pain, weakness, fatigue, lack of endurance, incoordination, or other symptoms resulting in additional functional loss/impairment. 

The examiner must also opine (in degrees if possible) to what degree, if any, the Veteran's range of motion is limited by pain, fatigue, weakness, or incoordination, during flare-ups or with repetitive use. 

The examiner should also report the total duration of incapacitating episodes during the past 12 months.

A detailed rationale supporting the examiner's opinions should be provided. If the examiner feels that any of the requested opinions cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts) or by a deficiency in the record or the examiner (i.e. additional facts are required, or the examiner does not have the needed knowledge or training). Jones v. Shinseki, 23 Vet. App. 382 (2010).

6. Finally, readjudicate the issue on appeal. If the determination remains unfavorable to the Veteran, provide the Veteran and his representative a supplemental statement of the case and an appropriate period to respond. Then, return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).








_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).