Citation Nr: 1550124 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 09-02 259 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in 
Chicago, Illinois


THE ISSUES

1. Entitlement to an evaluation in excess of 20 percent for a service connected left knee disability manifested by subluxation.

2. Entitlement to an evaluation in excess of 10 percent for service connected degenerative joint disease of the left knee.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Brandon A. Williams, Associate Counsel


INTRODUCTION

The Veteran served in the Army National Guard (ARNG) with an initial period of active duty training from March 28, 1976, to July 16, 1976, and periods of active duty for training from May 20, 1977, to June 4, 1977; June 16, 1978, to July 1, 1978; and July 13, 1979, to July 29, 1979.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a January 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois. 

On June 15, 2011, the Veteran testified at a videoconference before a Veterans Law Judge. A transcript of that hearing is associated with the claims file. Since the June 2011 hearing, the previous Veterans Law Judge is no longer available due to retirement. VA submitted correspondence in July 2015 informing the Veteran of his right to request another hearing. The Veteran responded that he does not desire another hearing..

These matters were previously before the Board in January 2013 following a Joint Motion for Remand (JMR), which was granted by the United States Court of Appeals for Veterans Claims (Court) in June 2012. Upon remand from the Court, the matters were remanded to the agency of original jurisdiction (AOJ) for further development and readjudication. Upon completion of the requested development, the Veteran's claims for increased disability ratings for his left knee disabilities were readjudicated and denied via an April 2013 supplemental statement of the case (SSOC). The appeal was returned to the Board in June 2013. In an August 2013 decision, the Board denied the Veteran's claims and he appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In a February 2015 Memorandum Decision, the Court vacated the Board decision and remanded the claims.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A remand by the Board confers on claimants, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). It imposes upon VA a concomitant duty to ensure compliance with the terms of the remand. 

As mentioned above, the claims were remanded by the Board in January 2013 for further development. Specifically, the Board requested an examination in regard to the Veteran's left knee disabilities. Additionally, the Board explained that the Veteran's claims file was to be reviewed prior to the examination. The Veteran was subsequently afforded an examination in March 2013 followed by an April 2013 addendum. While the March 2013 examination and April 2013 addendum noted that the VA claims file was reviewed, the examiner failed to explain whether or not the claims file was reviewed prior to the examination as instructed in the January 2013 remand. As it is unclear whether medical records referenced in the January 2013 Board remand were reviewed prior to the March 2013 examination and April 2013 addendum, the Board finds that AOJ has failed to comply with the Board's prior remand directive. As such, these matters must, again, be remanded for another examination. Stegall, supra. See also 38 C.F.R. §§ 20.700, 20.704 (2015).

Additionally, the claims folder reflects that the Veteran has filed claims with the Social Security Administration (SSA). The VA's duty to assist requires that it make as many requests as necessary to obtain relevant records from a Federal agency. 38 C.F.R. § 3.159(c)(2)(2015). Since the claims folder reflects that relevant records pertaining to this claim may be in the custody of another Federal agency, the Board finds that SSA records may be useful to it in adjudicating the Veteran's claim and VA should attempt to obtain them. Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010).

Accordingly, the case is REMANDED for the following action:

1. Contact the SSA and obtain a copy of all agency records and any decision which awarded or denied the Veteran SSA disability benefits, including all medical records used to make the decision.

2. Request the appellant to identify all medical providers (VA and private) from whom he has received treatment for his left knee disability; complete and return a provided VA Form 21-4142, Authorization and Consent to Release Information, for the identified treatment records. After obtaining completed VA Forms 21-4142, the AOJ should attempt to obtain all identified pertinent medical records and associate them with the claims file.

3. After associating all newly acquired records with the claims file, schedule the Veteran for a VA medical examination in regard to his claims for increased evaluations of his service-connected left knee disabilities. The claims file should be made available for the examiner to review and the examination report should reflect that such review was accomplished prior to the examination.

The clinician must consider the entire claims file and report all current findings. The VA medical opinion or examination must comply with 38 C.F.R. § 4.59 and provide any other range of motion testing necessary to provide an adequate opinion. The examiner should also address the severity of any instability or subluxation. 

4. After undertaking any other development deemed appropriate, readjudicate the issue on appeal. If the benefits sought on appeal are not granted, issue a supplemental statement of the case and provide the Veteran, and his representative, with an appropriate opportunity to respond. The case should then be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).