# United States Court of Appeals for the Federal Circuit

2009-7039

JULIUS J. GOLZ,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Sean A. Ravin, Attorney at Law, of Washington, DC, argued for claimant-appellant.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel was Elizabeth A. Holt, Trial Attorney. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2009-7039

JULIUS J. GOLZ,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0159, Judge Alan G. Lance, Sr.

_____

DECIDED:  January 4, 2010

_____

Before BRYSON, PROST, and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

Appellant Julius J. Golz appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board) denying his claim for service connection for post-traumatic stress disorder (PTSD).  Because the Veterans Court properly interpreted 38 U.S.C. § 5103A and 38 C.F.R. § 3.159(c), we affirm.

## BACKGROUND

Mr. Golz served on active duty in the U.S. Navy as an aviation ordinanceman from February 1969 to November 1972.  Service medical records do not show any complaints of or treatment for a psychiatric condition.  In a February 1995 decision, the

Social Security Administration (SSA) found Mr. Golz to be disabled due to severe low back and leg pain stemming from a 1991 car accident. The SSA decision discussed the substance of testimony and exhibits relating to Mr. Golz's disability, including multiple doctors' reports and diagnoses, which related to Mr. Golz's physical injuries. The decision does not mention Mr. Golz's mental health or indicate that records or testimony reviewed by SSA discussed any psychiatric or mental health issues.

In January 2001, almost six years after SSA declared Mr. Golz disabled, Mr. Golz underwent treatment at the Center for Treatment of Addictive Disorders (CTAD) located at the VA Medical Center in Pittsburgh. An initial psychiatric evaluation from the CTAD stated that Mr. Golz "feels he has PTSD," but that he had not been previously diagnosed with PTSD. The examiner diagnosed him with alcohol dependence and possible major depressive disorder. In a January 29, 2001, medical evaluation, Mr. Golz complained of symptoms of depression and again stated he felt that he had PTSD, although he could not identify specific traumatic stressors.

In April 2001, Mr. Golz filed a claim for compensation with VA, claiming a disability of PTSD. In his application for compensation, VA Form 21-526, Mr. Golz checked "Yes" in answer to the question "Have you claimed or are you receiving disability benefits from the Social Security Administration (SSA)?" Mr. Golz underwent a VA medical exam, after which the VA examiner diagnosed Mr. Golz with major depressive disorder and polysubstance dependence in short-term remission. The VA examiner further found that Mr. Golz did not meet the criteria for a diagnosis of PTSD in terms of identified stressors or symptoms. The VA regional office (RO) denied service

connection for PTSD in a July 2001 rating decision due to lack of evidence of either PTSD or sufficient stressors. Mr. Golz did not appeal this rating decision.

Mr. Golz filed a motion in September 2003 to reopen his claim for service connection for PTSD, and in November 2003 he received a VA PTSD examination. Again, the VA examiner stated that Mr. Golz did not report symptoms or stressors sufficient for a diagnosis of PTSD. The RO confirmed and continued the previous denial of Mr. Golz's claim in a December 2003 rating decision, which Mr. Golz appealed.

In April 2004, Mr. Golz submitted new evidence in the form of a PTSD questionnaire. The RO issued a Supplemental Statement of the Case, in which the RO again denied entitlement to service connection for PTSD. Mr. Golz appealed to the Board. On September 15, 2006, the Board reopened Mr. Golz's claim on the basis of the new evidence, but ultimately denied his claim, finding that evidence did not support a diagnosis of PTSD. The Board also reviewed whether VA met its duty to assist Mr. Golz. The Board noted that Mr. Golz's file contained service medical and personnel records, as well as "extensive VA medical evidence." Further, the Board stated that Mr. Golz did not identify any additional evidence he wanted the Board to obtain and consider. The Board also reviewed a copy of the 1995 SSA decision awarding disability benefits for a back disorder in the file. The Board, citing 38 U.S.C. § 5103A(c) and 38 C.F.R. § 3.159(c), stated that "[t]he decision does not mention a psychiatric disorder, thus, although the medical records accompanying the SSA decision are not in the file, the Board finds that they would not be relevant to the claim on appeal." The Board also found no evidence corroborating Mr. Golz's claimed in-service stressors.

Mr. Golz appealed the denial of service connection for PTSD to the Veterans Court, asserting that VA failed to fulfill its duty to assist him by not obtaining his complete SSA disability records. The Veterans Court affirmed the Board decision, stating that the Board did not clearly err in finding that the SSA records relating to that decision were not relevant to the claim. Mr. Golz appeals.

DISCUSSION

We have jurisdiction pursuant to 38 U.S.C. § 7292(c). We review statutory interpretation by the Veterans Court de novo. Glover v. West, 185 F.3d 1328, 1331 (Fed. Cir. 1999). Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. § 7292(d)(2) (2006).

At issue is whether the Veterans Court correctly interpreted 38 U.S.C. § 5103A and 38 C.F.R. § 3.159(c) by holding that VA is not required to obtain disability records from SSA if VA determines, without review of the actual records, that there is no reasonable possibility that such records are relevant to the veteran's claim for VA disability compensation. Mr. Golz argues that SSA records are always potentially relevant to a veteran's claim for disability under 38 U.S.C. § 5103A and 38 C.F.R. § 3.159(c) and therefore to satisfy VA's duty to assist all SSA records must be obtained. He argues that medical records in general, and SSA disability records in particular, are always potentially relevant because such records may contain medical evidence relevant to the veteran's claim and it is impossible to determine the content or relevance of medical records without examining them. The government responds that VA does not have a duty to obtain irrelevant SSA records, and that § 5103A does not require VA

to obtain and review records in every case prior to determining whether they are relevant to a veteran's claim.

The duty to assist is not boundless in its scope. VA's duty to assist claimants is codified at 38 U.S.C. § 5103A. VA has a duty to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim." Id. § 5103A(a)(1). VA is not required to assist a claimant in obtaining identified records "if no reasonable possibility exists that such assistance would aid in substantiating the claim." 38 U.S.C. § 5103A(a)(2). Subsections (b) and (c) of § 5103A, which discuss VA's duty to obtain records on behalf of veterans, limit VA's duty to assist to obtaining only relevant records in five separate places. Section 5103A(b)(1) states that VA is required to "make reasonable efforts to obtain relevant records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain." Section 5103A(c), entitled "Obtaining records for compensation claims," describes specific types of records VA must assist the veteran in obtaining, but only if they are "relevant to the claim." Id. § 5103A(c) (emphasis added). The list includes the "claimant's service medical records and . . . other relevant records pertaining to the claimant's active military, naval, or air service," id. § 5103A(c)(1) (emphasis added), "[r]ecords of relevant medical treatment or examination of the claimant at Department health-care facilities or at the expense of the Department," id. § 5103A(c)(2) (emphasis added), and "[a]ny other relevant records held by any Federal department or agency that the claimant adequately identifies and authorizes the Secretary to obtain." Id. § 5103A(c)(3) (emphasis added). The corresponding

regulation, 38 C.F.R. § 3.159(c), explicitly lists SSA as an agency from which VA is required to obtain relevant records.

We stated in McGee v. Peake that "Congress has explicitly defined the VA's duty to assist a veteran with the factual development of a benefit claim in terms of relevance." 511 F.3d 1352, 1357 (Fed. Cir. 2008). There can be no doubt that Congress intended VA to assist veterans in obtaining records for compensation claims, but it is equally clear that Congress only obligated the VA to obtain "relevant" records. The duty to assist requires the Secretary to make reasonable efforts to obtain "evidence necessary to substantiate the claimant's claim for a benefit."

The language of the statute is explicit: not all medical records or all SSA disability records must be sought – only those that are relevant to the veteran's claim. To conclude that all medical records or all SSA disability records are relevant would render the word "relevant" superfluous in the statute. See TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." (internal quotation marks and citation omitted)). If Congress meant for all medical records or all SSA disability records to be obtained, it could have said "obtain all records" rather than "obtaining the following records if relevant to the claim." § 5103A(c) (emphasis added); see also id. § 5103(c)(1) ("other relevant records"); id. § 5103(c)(2) ("relevant medical treatment"); id. § 5103(c)(3) ("[a]ny other relevant records"). Relevant records for the purpose of § 5103A are those records that relate to the injury for which the claimant is seeking benefits and have a reasonable possibility of helping to substantiate the veteran's claim.

See Black's Law Dictionary 1316 (8th ed. 2004) (defining "relevant" as "[l]ogically connected and tending to prove or disprove a matter in issue; having appreciable probative value—that is, rationally tending to persuade people of the probability or possibility of some alleged fact"). Not all medical records for a veteran will have a reasonable possibility of aiding in the substantiation of a VA disability claim.

The Board did not err as a matter of law when it determined that VA met its duty to assist Mr. Golz, even though VA did not request Mr. Golz's SSA records. Mr. Golz seeks service connection for PTSD. Service connection for PTSD is awarded when the record before VA contains (1) a current medical diagnosis of PTSD, (2) credible supporting evidence that the claimed in-service stressor actually occurred, and (3) medical evidence establishing a link between the claimed in-service stressor and the current symptomatology. 38 C.F.R. § 3.304(f) (2009). Therefore, records relevant to his claim are those relating to a medical diagnosis of PTSD, evidence corroborating claimed in-service stressors, or medical evidence establishing a link between any in-service stressor and a PTSD diagnosis.

The SSA decision identified testimony, documents, and medical reports relating to Mr. Golz's history of back pain. The Board reviewed whether VA met its duty to assist Mr. Golz in obtaining relevant records pursuant to 38 U.S.C. § 5103A and 38 C.F.R. § 3.159(c), and made a factual determination as to the relevance of the SSA records identified by Mr. Golz. The Board found that the identified SSA records would not be relevant to Mr. Golz's claim based on the SSA decision. The Board stated that the SSA decision "does not mention a psychiatric disorder, thus, although the medical records accompanying the SSA decision are not in the file, the Board finds that they

would not be relevant to the claim on appeal." There was no specific allegation that the evidence, reports or evaluations in conjunction with the SSA decision on back pain ever delved into Mr. Golz mental health. The Board's factual finding that the SSA records would not be relevant to Mr. Golz's claim is not reviewable by this court. See 38 U.S.C. § 7292 (absent a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case"). The Veterans Court applied the law to the facts of the case and affirmed, stating that "[t]he appellant does not argue—and the record does not indicate—that the SSA records will provide any potentially relevant evidence relating to the appellant's mental health." The Veterans Court reviewed the Board's relevance determination under the correct legal standard—whether it related to Mr. Golz's mental health or there is a reasonable possibility it could help substantiate Mr. Golz's claim. Therefore, the Veterans Court did not misinterpret 38 U.S.C. § 5103A in affirming the Board's decision.

Mr. Golz argues that the decision in this case is contrary to prior cases that held that VA must review records before declaring them irrelevant for purposes of § 5103A. There are, as Mr. Golz argues, cases that required VA to obtain SSA records. Each of these cases, however, included a determination that VA did not meet its duty to assist because the identified records had a reasonable possibility of assisting in substantiation of the veteran's claim. See Moore v. Shinseki, 555 F.3d 1369, 1374 (Fed. Cir. 2009) (stating that "VA is statutorily required to obtain all of the veteran's relevant service medical records, not simply those which it can most conveniently locate"); McGee, 511 F.3d at 1355, 1358 (finding that the veteran's service personnel records at issue "would

likely contain documentary evidence that may show whether McGee filed a claim for benefits prior to discharge" after the Board denied entitlement to an earlier effective date because the record did not contain any evidence of a previously filed claim); Quartuccio v. Principi, 16 Vet. App. 183, 187–88 (2002) (requiring that VA seek SSA records when SSA determined the veteran disabled because of paranoid schizophrenia, the same condition for which he was receiving SSA benefits); Murincsak v. Derwinski, 2 Vet. App. 363, 366, 370 (1992) (stating that an SSA decision that the veteran is unemployable is relevant to his claim of entitlement to a total disability rating based on unemployability); Clarkson v. Brown, 4 Vet. App. 565, 567–68 (1993) (granting voluntary remand to VA so it could request SSA records relating to an SSA finding of unemployability when the veteran was claiming entitlement to a total disability rating based on unemployability).

It is not the case that the government must obtain records in every case in order to rule out their relevance. Such a decision would be akin to a determination that all medical records must be obtained. Similarly, it is not the case that a record's relevance can always be determined without reviewing the record itself. The legal standard for relevance requires VA to examine the information it has related to medical records and if there exists a reasonable possibility that the records could help the veteran substantiate his claim for benefits, the duty to assist requires VA to obtain the records. When a SSA decision pertains to a completely unrelated medical condition and the veteran makes no specific allegations that would give rise to a reasonable belief that the medical records may nonetheless pertain to the injury for which the veteran seeks benefits, relevance is not established. There must be specific reason to believe these records may give rise to pertinent information to conclude that they are relevant.

In close or uncertain cases, the VA should be guided by the principles underlying this uniquely pro-claimant system. VA has a duty to assist veterans and is required to "fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits." McGee, 511 F.3d at 1357 (citation and internal quotation marks omitted). As long as a reasonable possibility exists that the records are relevant to the veteran's claim, VA is required to assist the veteran in obtaining the identified records. At the same time, we acknowledge that Congress has placed reasonable limits on VA's duty to assist. The relevancy limitation allows VA to focus its efforts on obtaining documents that have a reasonable possibility of assisting claimants in substantiating their claims for benefits.

CONCLUSION

Because the Veterans Court correctly interpreted VA's duty to assist as found in 38 U.S.C. § 5103A and 38 C.F.R. § 3.159(c), the decision of the Veterans Court is

AFFIRMED.

COSTS

No Costs.