KASOLD, Chief Judge,
concurring:
I agree that enactment of 38 U.S.C. § 5121A creates a “zone of no substitution” that warrants the revaluation of our existing substitution requirements and elimination of the strict substitution criteria established in Pekular that today’s opinion reflects. I do not agree, however, with much of the discussion in the majority’s opinion under section C., ante at 8 (Substitution in Appeals Before the Court).
Succinctly stated, section 5121A reflects not an alteration by Congress of any statutory distinction between the veteran’s disability compensation claim and an accrued benefits claim; that distinction remains: One is the veteran’s claim for benefits, with the attendant duty to assist that includes gathering evidence, etc., while the other is an accrued-benefits beneficiary’s claim for benefits, with a much more limited duty to assist and an adjudication that is based on the record as it existed at the time of the veteran’s death. Compare Golz v. Shinseki, 590 F.3d 1317, 1320 (Fed.Cir.2010) (“VA is required to ‘make reasonable efforts to obtain relevant records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain’ ” (citing 38 U.S.C. § 5103A(b)(1))), with Ralston v. West, 13 Vet.App. 108, 113 (1999) (“[Entitlement to accrued benefits must be determined based on evidence that was either physically or constructively in the veteran’s file at the time of death.”). Rather, by directing the Secretary to write regulations permitting substitution below, Congress simply is recognizing that the accrued-benefits claim is derivative of the veteran’s claim and that automatic refusal by the Secretary to permit substitution was causing an unwarranted delay in the adjudication of many accrued-benefits claims. See Zevalkink, 102 F.3d at 1241 (“[A]n accrued benefits claim is derivative of the veteran’s claim for service connection, i.e., the claimant’s entitlement is based on the veteran’s entitlement.”); Padgett v. Nicholson, 473 F.3d 1364, 1369 (Fed.Cir.2007) (“[A]n accrued-benefits claim ‘incorporates any prior adjudications of the service-connection issue on claims brought by the veteran, because it derives from the veteran’s service-connection claim.’ ”); see also Padgett v. Peake, 18 Vet.App. 188, 201 (2004) (Kasold, J., dissenting).
There may be good reason for a claimant to seek substitution in a deceased veteran’s claim, or, alternatively, to begin anew with the vacatur of an adjudication on the veteran’s claim and the filing of a new claim; e.g., a new claim is entitled to two de novo decisions below. Disabled Am. Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1353-54 (Fed.Cir.2003) (holding that the two-administrative-review requirement generally necessitates remand by the Board for a new, initial decision when new evidence is submitted to the Board, absent waiver by the claimant). Although the full scope of the Secretary’s regulations remains to be seen, I agree that they can have no effect on our jurisdiction and I fully concur that the “zone of no substitution” created by enactment of section 5121A warrants the dismantling of rigid and limiting substitution criteria on appeals to the Court.