Citation Nr: 1237363 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 09-44 569 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to a compensable disability rating for postoperative fistula-in-ano.

2. Entitlement to service connection for depression, to include as secondary to service-connected postoperative fistula-in-ano.


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel


INTRODUCTION

The Veteran served on active duty from December 1979 to July 1982. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma.

In July 2012, a videoconference hearing was held before the undersigned Veterans Law Judge (VLJ) of the Board. Relevant to this proceeding, in Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) (2012) requires that the VLJ who chairs a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the hearing, the VLJ noted the basis of the prior determination and noted the elements of the claims that were lacking to substantiate the claims for benefits. In addition, the VLJ sought to identify any pertinent evidence not currently associated with the claims folder that might have been overlooked or was outstanding that might substantiate the claims. Moreover, neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), or otherwise identified any prejudice in the conduct of the hearing. By contrast, the hearing focused on the elements necessary to substantiate the claims. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2) and that the Board can adjudicate the claims based on the current record.


The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

Unfortunately, the evidentiary record is not complete, and a remand is necessary at this time. Through his July 2012 hearing testimony, the Veteran indicated that he is presently in receipt of disability benefits from the Social Security Administration (SSA). He has explained that one of the specific conditions underlying that award of benefits is the service-connected postoperative fistula-in-ano, and thus there is reason to believe that the SSA disability records would provide relevant information. See Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010). Such records would presumably also implicate the remaining claim for service connection for depression insofar as any relevant mental health history. Consequently, the case must be remanded to acquire the SSA administrative decision on the claim for benefits from that agency and supporting records. See Murincsak v. Derwinski, 2 Vet. App. 363 (1992).

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should take appropriate action to obtain copies of the SSA administrative decision on a claim for benefits with that agency, along with all medical records underlying that determination. Then associate all documents received with the claims file.

2. The RO/AMC should then review the claims file. If the directive specified in this remand has not been implemented, appropriate corrective action should be undertaken before readjudication. Stegall v. West, 11 Vet. App. 268 (1998).

3. Thereafter, the RO/AMC should readjudicate the claims on appeal based upon all additional evidence received. If the benefits sought on appeal are not granted, the Veteran and his representative should be furnished with a Supplemental Statement of the Case (SSOC) and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).