Citation Nr: 1513791 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-04 675 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUE

Entitlement to service connection for hypertension. 


REPRESENTATION

Veteran represented by: Paul Bradley, Agent


ATTORNEY FOR THE BOARD

M. Taylor, Counsel



INTRODUCTION

The Veteran served on active duty from January 1966 to December 1967. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a November 2011 rating decision of the Baltimore, Maryland, Regional Office (RO) of the Department of Veterans Affairs (VA).

In October 2012, the Veteran revoked the power of attorney of record in favor of the Agent listed above. 

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran seeks service connection for hypertension, to include as secondary to service-connected PTSD and/or type II diabetes mellitus. 

Initially, the Board notes that a May 2013 record states "Paid by SSA" in July 2009. In view of this information, there may be Social Security Administration (SSA) records potentially relevant to the Veteran's claim. Remand is required so that all relevant SSA records may be obtained. See 38 C.F.R. § 3.159(c)(2) (2014); Golz v. Shinseki, 590 F.3d 1317, 1320 (Fed. Cir. 2010).

A July 2011 VA opinion is to the effect that the Veteran's hypertension is not related to his type II diabetes mellitus. Hypertension was noted to have been diagnosed before diabetes mellitus. 

In April 2012, the Veteran's private physician stated that the Veteran's hypertension is a response to his PTSD, underlying depression, and anxiety attacks as a result of service in Vietnam. 

A May 2012 VA examination report reflects that a recent study concluded that deployment with multiple stressful combat exposures was a unique risk factor for newly reported hypertension. Although the opinion provided was that the Veteran's hypertension is not related to PTSD, based, in part, upon the study, the examiner noted that the study was intrinsically limited because both hypertension and PTSD are "self-reported . . . lending itself to reporting and recall biases." In addition, the opinion does not sufficiently address the April 2012 private opinion. Therefore, the May 2012 VA opinion is inadequate. As such, a new VA examination is warranted. 

Prior to the examination, any outstanding records of pertinent medical treatment must be obtained and added to the record.

Accordingly, the case is REMANDED for the following actions:

1. Obtain complete VA treatment records, and any other records the Veteran identifies.

If such records are unavailable, the Veteran's file must be clearly documented to that effect and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

2. Contact the Veteran and obtain additional information regarding any disability compensation award from SSA. Thereafter, request the Veteran's records from SSA as appropriate.

If these records are unavailable, the Veteran's file must be clearly documented to that effect and the Veteran notified in accordance with 38 C.F.R. § 3.159(e). 

3. Thereafter, schedule the Veteran for a VA hypertension examination by an appropriate medical professional. The entire file must be reviewed by the examiner. 

The examiner is to conduct all indicated tests. 

The examiner is to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that hypertension (i) had its onset during service or (ii) within the initial year after separation, or (iii) is otherwise related to his active service, or (iv) is caused by or (v) aggravated by service-connected PTSD or diabetes mellitus type II. 

The term "aggravation" means an increase in the claimed disability; that is, a worsening of the condition beyond the natural clinical course and character of the condition due to the service-connected disability as contrasted to a temporary worsening of symptoms.

The examination report must specifically address the April 2012 private opinion relating hypertension to PTSD. A complete rationale must accompany all opinions expressed. 

4. Finally, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for 

Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).