Citation Nr: 1550148 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 11-05 544 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to an initial rating in excess of 50 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Veteran represented by: Polly Murphy, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

S. Mishalanie, Counsel


INTRODUCTION

The Veteran served on active duty from August 1967 to August 1969. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma. 

In March 2012, the Veteran testified at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. 

In March 2014, the Board determined that a VA Form 9 received on May 24, 2010, was timely and that an earlier effective date of March 26, 2004, was warranted for the grant of service connection for PTSD. The Board remanded the issues of entitlement to a higher rating for PTSD and TDIU for additional development.

The Veteran submitted additional evidence since the June 2015 supplemental statement of the case (SSOC), along with a waiver of initial review of this evidence by the Agency of Original Jurisdiction (AOJ). See August 2015 correspondence; 38 C.F.R. § 20.1304(c) (2015).

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this Veteran's case must take into consideration the existence of these electronic records.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action on his part is required.

REMAND

In an August 2015 letter, the Veteran's attorney indicated that the Veteran was awarded disability benefits from the Social Security Administration (SSA) based upon his inability to sustain employment due to his service-connected mental impairment. Therefore, the Board finds that a remand is necessary to obtain these records. See Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010).

In addition, in a January 2012 letter, Dr. D.B. (initials used to protect privacy) indicated that he had reviewed medical records from Dr. P. dated from November 2009 to October 2011, which showed treatment for anxiety and insomnia with Xanax. Although a portion of Dr. P.'s records have been obtained, records from this time period have not been secured. Therefore, on remand, the AOJ should attempt to obtain these records. 

Moreover, the Board notes that the Veteran was most recently examined in July 2014. The Veteran's attorney has argued that the examination was inadequate, that the examiner was biased against the Veteran, and that the findings did not accurately represent the severity of the Veteran's symptoms. See August 2015 correspondence. The Board does not find any obvious indication of bias or inadequacy on the face of the examination report. However, as this case is already being remanded for records, the Board finds that another VA examination by a different examiner would be helpful in ascertaining the severity and manifestations of the Veteran's service-connected PTSD. 

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should obtain a copy of any decision(s) to grant or deny SSA benefits to the Veteran and the records upon which any decision was based and associate them with the claims file. 

If the search for such records has negative results, the claims file should be properly documented as to the unavailability of those records.

2. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for a psychiatric disorder. The AOJ should specifically request any necessary authorizations to obtain records from Dr. P. dated from November 2009 to October 2011. (See January 2012 letter from Dr. D.B.). After acquiring this information and obtaining any necessary authorizations, the AOJ should obtain and associate these records with the claims file.

The AOJ should also secure any outstanding, relevant VA medical records.

3. After completing the foregoing development, the Veteran should be afforded a VA examination to ascertain the severity and manifestations of his service-connected PTSD. To the extent possible, the AOJ should schedule the examination with a different examiner than the individual who conducted the July 2014 VA examination. 

Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file. 

It should be noted that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a clinical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should report all signs and symptoms necessary for rating the Veteran's PTSD under the General Rating Formula for Mental Disorders. The findings of the examiner should address the level of social and occupational impairment attributable to the Veteran's PTSD. In particular, he or she should indicate whether the Veteran has occupational and social impairment with occupational and social impairment with reduced reliability and productivity; occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood; or, total occupational and social impairment.

To the extent possible, the examiner is also asked to provide a retrospective opinion as to the severity of the Veteran's service-connected PTSD since March 2004. 

A clear rationale for all opinions would be helpful, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

4. After completing the above actions, the AOJ should conduct any other development as may be indicated as a consequence of the actions taken in the preceding paragraphs.

5. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If any benefit sought is not granted, the Veteran should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).