Citation Nr: 1602962 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 13-02 536 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Kate Sosna, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1967 to January 1976.

This appeal comes before the Board of Veterans' Appeals (Board) from a March 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In June 2015, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record. Thereafter, in September 2015 the Board remanded the appeal for additional development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Where there is actual notice to VA that the appellant is receiving disability benefits from the Social Security Administration (SSA), VA has the duty to acquire a copy of the decision granting SSA disability benefits and the supporting medical documentation relied upon. Baker v. West, 11 Vet. App. 163 (1998); Hayes v. Brown, 9 Vet. App. 67 (1996). This duty to assist applies only to relevant SSA records. Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010) (finding VA was not obligated to obtain SSA records when the SSA grant was for orthopedic disability and the VA claim under review was for a psychiatric disorder). 

At his March 2012 and October 2015 VA examinations, the Veteran reported that he was receiving social security benefits. There is no indication in the record as to what the benefits were based on age or disability. Given the difference in opinions from medical professionals as to the presence of a psychiatric disability, it is possible that the Veteran's SSA disability file could contain evidence relevant to the issue on appeal before the Board. Thus, on remand, the AOJ should clarify whether the Veteran receives SSA benefits due to age or disability, and if for disability such records should be requested. Relevant ongoing medical records should also be requested. 

Accordingly, the case is REMANDED for the following action:

1. Attempt to determine from the Social Security Administration whether the Veteran is receipt of benefits from at agency due to age or due to disability. If due to disability, request SSA records pertinent to the Veteran's claim for SSA disability benefits as well as the medical records relied upon concerning that claim. All actions should be documented in the claims file. If requested records are not available, the Veteran should be notified of such.

2. Obtain and associate with the claims folder any VA treatment records dated since September 2015. If any requested records are not available, the Veteran should be notified of such.

3. If, and only if, the SSA records indicate that the Veteran has been diagnosed with psychiatric disability, send the Veteran's claims file to the VA examiner who performed the October 2015 examination, if available, to obtain an addendum opinion as to whether it is at least as likely as not (50 percent probability or greater) that the psychiatric disability identified in the SSA disability records is related to active service, to include the Veteran's verified stressors therein.

4. After the development requested above has been completed to the extent possible, the AOJ should again review the record. If the benefit sought on appeal remains denied, the appellant and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).