Citation Nr: 1610606 
Decision Date: 03/16/16 Archive Date: 03/23/16

DOCKET NO. 14-24 706 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to a compensable rating for bilateral hearing loss.

2. Entitlement to a compensable rating for residuals of a left calf gunshot wound.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Matta, Associate Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty from October 1969 to September 1971. These matters are before the Board of Veterans' Appeals (Board) on appeal from a September 2012 rating decision by the Winston-Salem, North Carolina Department of Veterans Affairs (VA) Regional Office (RO). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.


REMAND

The most recent VA examinations to evaluate the Veteran's bilateral hearing loss and residuals of a left calf gunshot wound were in August 2012, more than three years ago. He has alleged in statements that the rating assigned does not reflect the current severity of these disabilities. In June 2015 written argument, his representative argued that the disabilities have worsened and that new examinations are necessary. In light of the allegation of worsening, new examinations to ascertain the severity of his bilateral hearing loss and residuals of a left calf gunshot wound are necessary.

Additionally, it is unclear from the record whether the Veteran is receiving Social Security Administration (SSA) disability benefits. As these matters are being remanded anyway, the AOJ should seek clarification from the Veteran and obtain such records as necessary. See Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010).

Accordingly, the case is REMANDED for the following:

1. The AOJ should ask the Veteran whether he is receiving SSA disability benefits based on his bilateral hearing loss or residuals of a left calf gunshot wound. If he is, the AOJ should secure for the record from SSA copies of its determination on the Veteran's claim for SSA disability benefits (and all medical records considered in connection with such claim). 

2. The AOJ should also ask the Veteran to identify all providers of evaluations or treatment he received for his service-connected bilateral hearing loss and residuals of a left calf gunshot wound, and to provide authorizations for VA to obtain records of any such private evaluations or treatment. The AOJ should secure for the record complete clinical records of the evaluations and treatment identified (i.e., any not already associated with the record). If any private records identified are not received pursuant to the AOJ's request, the Veteran should be so notified and advised that ultimately it is his responsibility to ensure that private records are received. The AOJ should specifically secure for the record complete clinical records of all VA evaluations and treatment the Veteran has received for such disabilities (i.e., update to the present records of his VA treatment for bilateral hearing loss and residuals of a left calf gunshot wound).

3. Thereafter, the AOJ should arrange for the Veteran to be afforded a VA audiological evaluation (with audiometric studies) to determine the current severity of his bilateral hearing loss. In addition to reporting audiometry results, the examiner should elicit from the Veteran information as to the effect his hearing loss has on his daily living, and comment on the expected impact the degree of hearing loss found would have on occupational and social functioning (i.e., provide an opinion as to whether the Veteran's complaints of functional impairment are consistent with his level of hearing loss shown). 

The examiner must explain the rationale for all opinions.

4. The AOJ should also arrange for the Veteran to be examined by an appropriate physician to determine the current nature and severity of his service-connected residuals of a left calf gunshot wound. The entire record must be reviewed by the examiner in conjunction with the examination. The examiner should elicit from the Veteran his complaints regarding the nature and severity of functional impairment. The examiner must identify each muscle group affected by the left calf gunshot wound and note all related functional limitations found and the degree of any related muscle weakness or atrophy.

The examiner must explain the rationale for all opinions.

5. The AOJ should then review the record and re-adjudicate the claims. If either remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

_________________________________________________
M.C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).