Citation Nr: 1719118 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-22 779 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to service connection for a bilateral foot and toe disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Bosely, Counsel


INTRODUCTION

The Veteran served on active duty from September 1978 to April 1984. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a November 2011 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran appeared at a hearing before the undersigned Veterans Law Judge in May 2014.

In July 2014, the Board remanded the appeal to the RO for additional development. 

The appeal is REMANDED to the RO. VA will notify the Veteran when further action is required.


REMAND

The Board has conducted a further review of this matter, but has found that additional evidentiary development is warranted. 

Outstanding Records

First, the Veteran's records from the Social Security Administration (SSA) must be obtained if still available. Pursuant to the Board's prior remand, his VA medical records from the 1990s were obtained. They include a September 1994 record noting that he had applied for SSI benefits. No efforts have been made to obtain the SSA records, but they may be relevant to the instant appeal. See 38 C.F.R. § 3.159(c)(2); Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010).

Similarly, a September 2010 VA medical record, which is now in the claims file, indicates that the Veteran filed a claim for Workers' Compensation benefits. The reason for that Workers' Compensation claim is not clear from the context of the VA medical record. However, it is possible that such records pertain to his feet. Thus, those records should also be obtained. 

VA Examination

A new VA examination is also needed. 

As directed by the Board's last remand, the Veteran underwent a VA examination in January 2015. At present, that opinion is not entirely adequate to resolve the appeal. The VA examiner diagnosed onychomycosis and onychodystrophy and concluded that the conditions were less likely than not related to the Veteran's service. The VA examiner reasoned that she found no records of onychomycosis or dystrophic nails during the Veteran's service, and she found no records in service treatment records (STRs) pertaining to treatment for dystrophic nails or xerosis.

The VA examiner did not give a medical reason justifying why, as a medical matter, the Veteran would have sought treatment during service for his symptoms or otherwise complained of the condition during service, or why an absence of treatment (as opposed to symptoms) was otherwise medically significant. See, e.g., McKinney v. McDonald, 28 Vet. App. 15, 30 (2016); Fountain v. McDonald, 27 Vet. App. 258, 272-75 (2015); Buczynski v. Shinseki, 24 Vet. App. 221, 223-24 (2011). 

This is particularly important here because the Veteran testified at his Board hearing that he sought treatment from a medic during service, but that medic did not record the encounter, and he did not otherwise seek treatment during service. Board Hr'g Tr. 12. Instead, he just self-treated by using powder and changing his socks frequently. Board Hr'g Tr. 14. 

Because the VA examiner did not account for the Veteran's own statements, but instead relied solely on the absence of documented treatment as proof of an absence of symptoms, the examiner's opinion is incomplete. 

The VA examiner's opinion is also incomplete because it does not address the other diagnoses pertaining to the feet. It discusses only the onychomycosis and onychodystrophy although the VA medical records, such as in January 2015 also reflect diagnoses of hammer toe and pes planus (plus diabetic neuropathy, which is not at issue in this appeal). 

As stated in the introduction section of the July 2014 remand, the instant claim is broad and inclusive of all conditions in the foot. While it is true that the Veteran has primarily focused his claim on the skin condition affecting his feet, he has also discussed painful motion in the feet as well. See, e.g., Board Hr'g Tr. 19. Because the VA examiner did not give an opinion as to these other foot conditions, an additional opinion is needed to address them. 

Accordingly, the case is REMANDED for the following actions:

1. Attempt to obtain all records pertinent to the Veteran's application(s) for SSA disability benefits, including any resulting decisions and/or determinations, and all supporting medical documentation utilized in rendering the decision(s).

2. Attempt to obtain all records pertinent to the Veteran's application(s) for Workers Compensation benefits, including any resulting decisions and/or determinations, and all supporting medical documentation utilized in rendering the decision(s).

3. After undertaking all action in paragraphs 1-2, plus any further preliminary development needed, arrange for the relevant information in the Veteran's claims folder to be returned to the examiner who conducted the January 2015 VA examination (or a suitable substitute if such examiner is unavailable), for the purpose of preparing an addendum opinion regarding the claimed foot conditions. (The need for an additional in-person examination should be determined by the examiner.)

Accordingly, the examiner is asked to review the pertinent evidence, including the results of the prior examination. Based on this review, the examiner is asked to provide an addendum medical opinion on each of the following questions: 

(a) Provide a current diagnosis for any and all foot disorders found extant, including any orthopedic conditions such as flat feet and hammer toe deformity. If the Veteran previously had any such medical condition, but it is no longer extant, when did that condition resolve?

(b) For each diagnosed disorder, is it at least as likely as not (i.e., at least equally probable) that the disorder had its onset directly during the Veteran's service or is otherwise causally related to any event or circumstance of his service? 

The examiner should only rely on silence in the medical records, including the service treatment records, if it can be explained why the silence in the record can be taken as proof that the symptom did not occur, or why the fact would have normally been recorded if present. 

The examiner is particularly asked to consider the Veteran's statements indicating that his symptoms started during service, although he did not have documented treatment at that time. The examiner is asked to explain why his statements make it more or less likely that a foot condition started during service. If indicated, it should be explained whether there is a **medical** reason to believe that the Veteran's recollection of his symptoms during and after service may be inaccurate or not medically supported. 

In answering these questions, please articulate the reasons underpinning all conclusions. That is, (1) identify what facts and information, whether found in the record or outside the record, support your opinion, and (2) explain how that evidence justifies your opinion. 

4. After completing all actions set forth in paragraphs 1-3, plus any further action needed as a consequence of the development completed in paragraphs 1-3 above, readjudicate the appeal. If any benefit sought on appeal remains denied, furnish to the Veteran and his representative an appropriate supplemental statement of the case (SSOC). The Veteran and his representative should be afforded the appropriate time period to respond. Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate disposition. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for 

Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.




_________________________________________________
RYAN T. KESSEL 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).