Citation Nr: 1722255 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 10-18 936 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Sioux Falls, South Dakota


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent disabling for degenerative disc disease of the lumbar spine.

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

E. Mine, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1991 to September 2008.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Sioux Falls, South Dakota.

The Board remanded the issues on appeal for additional development in February 2014 and again in July 2016.

The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Before reaching a decision on the Veteran's claim, a remand is necessary to ensure that there is a complete record upon which to afford the Veteran every possible consideration. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016).

During an October 2016 VA examination for her back disability, the Veteran reported she was receiving Social Security Administration (SSA) disability benefits. In this case, SSA records would appear to be pertinent not only to the Veteran's claim for an initial increased rating, but also to the claim for a TDIU. Therefore, because no SSA records are associated with the record, the RO must contact SSA and obtain the Veteran's complete SSA records, including any administrative decision on her application for SSA disability benefits and all underlying medical records. See Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010). 

The Board notes that in its April 2017 informal hearing presentation, the Veteran's representative argued that the Veteran's back disability has worsened and asked that the Veteran be provided with new a VA examination to assess the current severity. However, there is no objective evidence of worsening of the Veteran's back disability since the October 2016 VA examination, nor any specific allegations of worsening from the Veteran. The representative merely made a generalized statement in presenting argument to the Board that the Veteran's condition had worsened and a new examination was needed. The Board has reviewed the Veteran's statements and the medical evidence, and there are no statements from her of worsening symptoms or any medical or other evidence of record that suggests worsening of her back disability since the most recent VA examination. As there is no evidence of a material change in condition since the last VA examination for the service-connected back disability, a remand for another VA examination is not warranted. See Palczewski v. Nicholson, 21 Vet. App. 174, 182 (2007) (mere passage of time does not require VA to provide a new medical examination); VAOPGCPREC 11-95 (interpreting that a new examination is appropriate when there is an assertion of an increase in severity since the last examination).

Accordingly, the case is REMANDED for the following action:

1. After securing any necessary release, obtain any relevant private treatment records that have not already been associated with the claims file. Also, obtain all relevant VA treatment records dated from January 2017 to the present.

2. Obtain complete SSA disability records for the Veteran, to include underlying medical records upon which any SSA disability decision was based. A copy of any records obtained from SSA, to include a negative reply if applicable, should be included in the claims file. If such records are unavailable, the Veteran's claims file must be clearly documented to that effect and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

3. After the above development has been completed, readjudicate the claims. If any benefit sought remains denied, provide the Veteran and her representative with a supplemental statement of the case, and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).






_________________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).