Citation Nr: 1722250 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 09-41 674 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for a psychiatric disorder, to include depression, claimed as secondary to service-connected post radical prostatectomy prostate cancer.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Bayles, Associate Counsel




INTRODUCTION

The appellant is a Veteran who had active service from March 1969 to March 1971. This matter is before the Board of Veterans'Appeals (Board) on appeal from an August 2008 rating decision by the San Juan, the Commonwealth of Puerto Rico, Department of Veterans Affairs (VA) Regional Office (RO). This matter was previously before the Board in August 2013, when it was recharacterized to encompass any diagnosed psychiatric disability, and remanded (by a Veterans Law Judge other than the undersigned) for additional development; it is now assigned to the undersigned, and in April 2016 was again remanded for additional development. 

As noted in the Board's August 2013 remand, the issue of entitlement to a total disability rating based on individual unemployability (TDIU) was raised by the record in an April 2013 informal hearing presentation (IHP), but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015); see 79 Fed. Reg. 57,660 (Sept. 24, 2014) (codified in 38 C.F.R. Parts 3, 19, and 20 (2016)).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action on his part is required.


REMAND

On review of the record, the Board has found that further development is needed for VA to fulfill its duties mandated under the VCAA.

Overlooked previously was that on September 2013 VA examination the Veteran reported that he had been receiving Social Security Administration (SSA) disability benefits since 2006. A review of the record did not find any associated SSA records (and no indication that such records were sought). SSA records are constructively of record, and the Board is obligated to obtain them when there exists a reasonable possibility that they could help the appellant substantiate a claim for VA benefits. Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010). That the Veteran underwent evaluation (which would have considered his complete disability picture) for SSA disability suggests that SSA records may contain pertinent information (as the Veteran has been receiving psychiatric treatment apparently since 1985 and the history of his psychiatric disability would likely have been noted). Accordingly, the Board is unable to find that SSA records would not be relevant, and they must be sought. 

A June 2009 VA treatment record notes the Veteran's report that his depression had its onset in 1985, at which time he was treated by private psychiatrist Dr. Carlo, prescribed medication that the Veteran has continued to use since. The August 2013 Board remand instructed the AOJ to ask the Veteran to identify providers of all of his psychiatric treatment, and to provide signed releases for VA to obtain medical records from the providers identified. September 2013 AOJ correspondence asked the Veteran to provide the identifying information and completed release forms; he was not specifically advised that records from Dr. Carlo were outstanding. 

The April 2016 Board remand instructed the AOJ to ask the Veteran to submit authorization forms for VA to obtain treatment records from Dr. Carlo, and any other private treatment providers. May 2016 AOJ correspondence asked the Veteran to submit the authorization forms for Dr. Carlo's treatment records; he did not respond. 

The identified records from Dr. Carlo are critical in the matter at hand. They would provide insight regarding the onset of the Veteran's psychiatric disability. Without such records the Veteran's psychiatric disability picture is incomplete. On remand, development for all outstanding treatment records, to specifically include those from Dr. Carlo, is necessary. The Board notes that the Veteran has ignored the AOJ's request for the authorizations; however, as the case requires remand anyway, the Board finds that extending him the benefit of another opportunity to authorize VA to secure records from Dr. Carlo is indicated. 


The Veteran is to be advised that a governing regulation, 38 C.F.R. 
§ 3.158, provides that where evidence (including releases for private records) requested in connection with a claim for VA benefits is not received within a year of the request, the claim will [emphasis added] be considered abandoned.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should secure from the SSA a copy of their determination on the Veteran's claim for SSA disability benefits and copies of the complete medical records considered in connection with such determination. If such records are not available, it should be so noted in the record with explanation why that is so (e.g., that the records were not created, or have been lost or destroyed).

2. The AOJ should again ask the Veteran to submit authorization forms for VA to obtain private treatment records from Dr. Carlo (specifically), and any other private treatment providers of his psychiatric treatment (whose records may be outstanding). He should be advised that such records are considered critical to his claim, and instructed that if the records are unavailable, he must so indicate, explaining why that is so. 

If he provides the authorization forms sought, the AOJ should secure for the record copies of the complete clinical records from the treatment providers (and specifically Dr. Carlo). If the records are available, but not provided pursuant to the AOJ's request, the Veteran must be so advised, and reminded that ultimately it is his responsibility to ensure that private records sought are received. If a submission by the provider or the Veteran is incomplete, the Veteran must be so advised, and afforded the opportunity to complete the submission. If the Veteran does not respond, or if the private provider does not respond to the AOJ's request for records, and the Veteran does not submit such records himself upon being so advised, the claim must be further processed as abandoned under 38 C.F.R. § 3.158(a) .

In addition, updated (to the present) records of any VA psychiatric treatment the Veteran has received must be associated with the record.

3. The AOJ should then review the record, and readjudicate the claim. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the appellant and his representative opportunity to respond, and return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).