﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190322-13502
DATE: September 26, 2019

REMANDED

Entitlement to service connection for bilateral hearing loss is remanded.

Entitlement to service connection for diabetes mellitus type II is remanded.

Entitlement to service connection for coronary artery disease is remanded.

Entitlement to service connection for obstructive sleep apnea is remanded.

Entitlement to service connection for hypertension is remanded.

Entitlement to service connection for diabetic neuropathy right upper extremity is remanded.

Entitlement to service connection for erectile dysfunction, partial loss of use of a reproductive organ is remanded.

Entitlement to service connection for an acquired psychiatric disorder to include adjustment disorder with mixed anxiety and depressed mood and posttraumatic stress disorder (PTSD) is remanded.

Entitlement to service connection for diabetic neuropathy left upper extremity is remanded.

Entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1970 to October 1990.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. In a February 2019 rating decision, promulgated following the effective date of the AMA, the Regional Office denied the Veteran’s appeals. In March 2019, the Veteran requested a direct review of his appeal by the Board. Consequently, this case comes before the Board of Veterans' Appeals (Board) on appeal from the February 2019 rating decision by the Department of Veterans Affairs (VA). As a result of the direct election, only evidence of record at the time of the February 2019 rating decision will be considered. In this instance, private relevant treatment records were identified by the Veteran prior to the February 2019 rating decision but not obtained and/or associated with the claims file. As VA has a duty to assist the Veteran in substantiating his claim, a remand is necessary to obtain the outstanding treatment records and associate them with the claims file.

In Clemons v. Shinseki, 23 Vet. App. 1 (2009), the Court redefined the concept of what issues are encompassed in a service connection "claim" filed by a claimant. In Clemons, the Court held that the scope of a claim must be understood from the viewpoint of a lay claimant who may not be required to understand sophisticated legal or medical distinctions, and that "the claimant's intent in filing a claim is paramount to construing its breadth." With regard to the claim for service connection for PTSD, the evidence shows the Veteran has been diagnosed with adjustment disorder with mixed anxiety and depressed mood. Pursuant to Clemons, the Board has therefore expanded the service connection claim for PTSD as stated on the cover page of this decision. Clemons v. Shinseki, 23 Vet. App. 1 (2009). 

1. Entitlement to service connection for bilateral hearing loss. is remanded.

2. Entitlement to service connection for diabetes mellitus type II is remanded.

3. Entitlement to service connection for coronary artery disease is remanded.

4. Entitlement to service connection for obstructive sleep apnea is remanded.

5. Entitlement to service connection for hypertension is remanded.

6. Entitlement to service connection for diabetic neuropathy right upper extremity is remanded.

7. Entitlement to service connection for erectile dysfunction, partial loss of use of a reproductive organ is remanded.

8. Entitlement to service connection for an acquired psychiatric disorder to include adjustment disorder with mixed anxiety and depressed mood and posttraumatic stress disorder (PTSD) is remanded.

9. Entitlement to service connection for diabetic neuropathy left upper extremity is remanded.

10. Entitlement to service connection for tinnitus is remanded.

During the Veteran’s February 2019 VA PTSD examination, and before the February 2019 rating decision, the Veteran reported receiving psychiatric treatment from a private physician starting around 2016. The examiner noted that those treatment records were not available to him at the time of the examination. A review of the claims file reveals that these treatment records have not been associated with the record, and that the Agency of Original Jurisdiction (AOJ) made no efforts to develop the record for those treatment documents. VA has a duty to assist a claimant in obtaining relevant and adequately identified records. Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010); Loving v. Nicholson, 19 Vet. App. 96, 102 (2005); see also 38 U.S.C. § 5103 (A); 38 C.F.R. § 3.159 (c) (2018). The private treatment records were identified by the Veteran prior to the rating decision and are relevant to the issue on appeal. Therefore, remand is necessary to obtain and associate them with the claims file.

Additionally, associated VA treatment records from the Viera VA clinic in Florida, obtained prior to the February 2019 rating decision, reflect that the Veteran established care at the clinic in June 2017. A review of those treatment notes shows that the Veteran reported having received private treatment prior to June 2017, and also treatment at a military base. The records appear relevant to at least some of the disabilities on appeal. Those treatment records have not been obtained and associated with the claims file, and there is no indication that the AOJ made efforts to develop the record for those documents. 

In short, the AOJ committed a duty to assist violation prior to the February 2019 rating action by failing to develop the record to obtain the facially relevant private and military base treatment records.

Accordingly, the matters are REMANDED for the following action:

Contact the Veteran and request that he identify and authorize VA to obtain records from the private providers he referenced at his PTSD examination and in his VA treatment records. Request that the Veteran also identify the military base at which he received/receives treatment. With any authorization from the Veteran, obtain records from the private sources and from the military base identified by the Veteran. If any record identified cannot be obtained, the Veteran should be notified of this in writing, to include all efforts taken by VA to attempt to obtain any such record. The Veteran should also be offered the option to provide any such record himself.

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Mitchell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.