http://www.va.gov/vetapp16/Files3/1621770.txt

Citation Nr: 1621770 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-41 581 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to service connection for a right foot disability.

2. Entitlement to service connection for a right knee disability, claimed as secondary to a right foot disability.

3. Entitlement to service connection for a back disability, claimed as secondary to a right foot disability.

REPRESENTATION

Veteran is represented by: The American Legion

ATTORNEY FOR THE BOARD

C. Banister, Associate Counsel

INTRODUCTION

The Veteran served on active duty from August 1968 to May 1969. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

In a June 2011 decision, the Board denied the Veteran's service connection claims for a right foot, right knee, and back disabilities, and the Veteran appealed that decision to the Court of Appeals for Veterans Claims (Court). In a July 2012 Joint Motion for Remand (Joint Motion), the parties agreed that a November 2008 opinion of a VA examiner was inadequate and that the Board erred in relying on that opinion in denying the Veteran's claims. The parties moved the court to vacate the Board's June 2011 decision. In a July 2012 order, the Court granted the Joint Motion and remanded the claims for action consistent with the terms of the Joint Motion. In February 2013 and May 2013, the Board remanded the claims for further development. The requested development was completed, and the case has been returned to the Board for further appellate action.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

In May 2013, the Board remanded the above-captioned claims in order to provide the Veteran with a new VA examination. In doing so, the Board directed the AOJ to give the Veteran adequate of notice of the date and location of any requested examination and to ensure that a copy of all notifications, including the address where the notice was sent, was associated with the claims folder. 

In June 2013, the AOJ submitted a requested to schedule a VA examination. The record shows that the examination request was "cancelled by MAS" (Medical Administration Service) in July 2013, and on that same day, another VA examination request was submitted. The record does not indicate why the initial examination request was canceled, nor does it provide any further information regarding the second examination request. In a February 2014 supplemental statement of the case, the AOJ advised the Veteran that she twice failed to appear for a VA examination. 

The record does not show that the Veteran was ever notified of the date and location of the scheduled VA examinations. Moreover, the June 2013 and July 2013 VA examination requests contain an address that is not the Veteran's current address of record. As there is no indication that the Veteran received notice of the scheduled examinations, the Board finds that a remand is necessary in order to provide the Veteran with a VA examination in accordance with the terms of the May 2013 remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998). The AOJ must ensure that notice scheduling the examination is sent to the Veteran's current address of record.

Additionally, the record shows that the Veteran receives disability benefits from the Social Security Administration (SSA), at least in part, due to the disabilities at issue. In January 2003, the Veteran submitted two pages of a SSA decision letter; however, the record does not show that VA ever requested the Veteran's complete records from SSA. See Golz v. Shinseki, 590 F.3d 1317, 1320-21 (Fed. Cir. 2010) (holding that VA has a duty to obtain relevant SSA records when it has notice that the Veteran is receiving SSA disability benefits). As such records may be relevant to the Veteran's service connection claims, on remand, the AOJ must attempt to obtain the Veteran's complete SSA records, including all administrative decisions and underlying medical records. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ must attempt to obtain complete copies of the Veteran's SSA records, including all administrative decisions, medical records, and any other evidence considered by SSA as part of any claim for benefits submitted by the Veteran. 

All attempts to secure this evidence must be documented in the claims file. If the AOJ is unable to secure any records, the AOJ must properly notify the Veteran. See 38 C.F.R. § 3.159(e).

2. Thereafter, the Veteran must be afforded an appropriate examination by someone other than the February 2013 examiner to determine the nature and etiology of any right foot, right knee, and back disabilities. Notice scheduling the examination must be sent to the Veteran's current address of record, and a copy of such notice must be associated with the claims file. The AOJ is advised that the June 2013 and July 2013 VA examination requests do not contain the Veteran's current address of record. 

The electronic claims file, including any records received pursuant to this Remand, must be reviewed by the examiner. Based on the clinical examination, a review of the evidence of record, and with consideration of the Veteran's statements, the examiner must:

a.) Provide a diagnosis for any right foot disability shown on examination or otherwise indicated in the record at any time since October 2007. For each right foot disability identified, provide an opinion as to whether it is at least as likely as not (50 percent or higher probability) causally related to any event or incident in service, to include the documented right foot fracture;

b.) Provide a diagnosis for any right knee disability shown on examination or otherwise indicated in the record at any time since October 2007. For each right knee disability identified, provide an opinion as to whether it is at least as likely as not (50 percent or higher probability) due to or aggravated by any current right foot disability; 

c.) Provide a diagnosis for any back disability shown on examination or otherwise indicated in the record at any time since October 2007. For each back disability identified, provide an opinion as to whether it is at least as likely as not (50 percent or higher probability) due to or aggravated by any current right foot disability.

A complete rationale for all opinions must be provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. 

3. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims of entitlement to service connection for a right foot, right knee, and back disabilities must be readjudicated. If any benefit sought on appeal remains denied, a supplemental statement of the case must be provided to the Veteran and her representative. After the Veteran has had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Nathan Kroes
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).