Citation Nr: 1719074 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-15 697 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for a thyroid disability, to include hypothyroidism, Hashimoto's thyroiditis, and hyperthyroidism, to include as secondary to service-connected posttraumatic stress disorder (PTSD) (previously characterized as generalized anxiety disorder with PTSD).

2. Entitlement to service connection for obstructive sleep apnea (OSA), to include as secondary to service-connected PTSD (previously characterized as generalized anxiety disorder with PTSD).

3. Entitlement to service connection for diabetes mellitus (diabetes), to include as secondary to service-connected PTSD (previously characterized as generalized anxiety disorder with PTSD).


REPRESENTATION

Appellant represented by: John M. Dorle, Agent

ATTORNEY FOR THE BOARD

M. Salazar, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1968 to May 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Veteran filed for entitlement to service connection for "thyroid" problems in January 2010. The RO issued a rating decision denying the claim in January 2011. Less than a year later, the Veteran submitted a statement to VA asking for "[s]ervice connection for thyroid disability secondary to a generalized anxiety disorder." See December 2011 Veteran statement. In March 2012, the RO issued yet another rating decision denying the claim. Thus, for clarification purposes, the Veteran's December 2011 statement is considered a notice of disagreement (NOD) and he therefore appeals the RO's January 2011 rating decision. 

As stated above, in his January 2010 claim, the Veteran applied for entitlement to service connection for "thyroid" problems. In February 2012, a VA examiner noted hyperthyroid, hypothyroid, and Hashimoto's thyroiditis diagnoses in the Veteran. Accordingly, the Board has characterized the issue as stated on the title page to afford the Veteran a broader scope of review. See Browkowski v. Shinseki, 23 Vet. App. 79 (2009) (the Veteran may satisfy the requirement to identify the benefit sought by referring to a body part or system that is disabled or by describing symptoms of the disability); see also Clemons v. Shinseki, 23 Vet. App. 1(2009) (regarding the scope of a claim).

A February 2015 statement from the Veteran's representative refers to informal claims filed on the Veteran's behalf via an April 2012 independent medical opinion. The opinion asked VA to consider entitlement to service connection for the following claims: hearing loss, tinnitus, hypertension, nephropathy, osteoporosis, and obesity. As said issues are not currently before the Board and the AOJ has not considered or adjudicated them in the first instance, the Board refers the claims to the AOJ. 38 C.F.R. § 19.9(b) (2016). 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required on his part.


REMAND

I. Thyroid Disability 

The Board sincerely regrets the additional delay, but finds that further development is required prior to final adjudication of the Veteran's claim.

The Veteran filed for entitlement to service connection for "thyroid" problems in January 2010. As stated above, the Veteran filed an NOD for this claim in December 2011; at that time, he also asked VA to consider service connection for his "thyroid disability" as secondary to his service-connected generalized anxiety disorder. 

Almost two years later, the Veteran submitted a copy of Social Security Administration (SSA) records, including a letter stating that the Veteran would no longer receive Supplemental Security Income (SSI) payments effective May 2011on. See May 2011 SSA letter submitted October 2013. Upon further development, VA discovered that the Veteran applied for Social Security Disability Insurance (SSDI) but the claim was disallowed before September 2013. See September 2013 SSA record. Shortly after, the Veteran called VA and posited that he submitted SSA documentation to support his claim for a total disability rating based on individual employability (TDIU). The evidentiary record does not contain the Veteran's application for SSDI nor any other documentation relating to his SSI benefits. 
Where the record contains factual notice to VA that a Veteran has received SSA benefits, VA has the duty to acquire a copy of the SSA records, including the decision granting SSA benefits and the supporting medical documentation, if they are relevant. SSA records are relevant if either (1) there is an SSA decision pertaining to a medical condition related to the one for which the Veteran is seeking service connection or (2) there are specific allegations "giv[ing] rise to a reasonable belief" that the SSA records may pertain to the claimed disability. Golz v. Shinseki, 590 F.3d 1317, 1323 (Fed. Cir. 2010); Baker v. West, 11 Vet. App. 163 (1998). In this case, the Veteran is solely service-connected for a psychiatric disorder. VA discovered the Veteran's SSI entitlement while adjudicating his TDIU claim. Through medical experts, the Veteran currently claims, amongst other theories of entitlement, that VA should grant his thyroid disability as secondary to his psychiatric disorder. Further, it appears that the RO did not consider any SSA records in adjudicating the Veteran's thyroid claim and did not reference said documents in their April 2012 statement of the case (SOC) and February 2017 supplemental statement of the case (SSOC). Thus, as the Veteran has provided factual notice to VA via his October 2013 communication that SSA records may exist in connection with his claims for SSA benefits, and as the Veteran informed VA of his SSA disability claim while adjudicating a TDIU claim based solely on his service-connected psychiatric disorder, the Board finds that VA has been provided factual notice of potentially relevant SSA records, and therefore another remand is required for VA to obtain any SSA records in relation to the Veteran's SSA claims.

Further, the Veteran was afforded two VA examinations to address whether it was at least as likely as not that his current thyroid problems related to service. See February 2012 and September 2016 VA examinations. The February 2012 examiner addressed all the Veteran's thyroid disabilities but did not consider any SSA evidence in rendering her opinion. Hence, the examination and opinion are incomplete. Subsequently, the September 2016 examiner provided a detailed, well-reasoned opinion concluding that the Veteran's hyperthyroidism was not at least as likely as not related to service or his service-connected anxiety with PTSD (emphasis added). However, as the examiner four years prior noted, the Veteran also has been diagnosed with hypothyroid and Hashimoto's thyroiditis. Thus, the September 2016 examination is both incomplete and inadequate as it does not address all of the Veteran's thyroid disabilities and does not consider any SSA evidence. For these reasons, the Board finds that these examiners' opinions are incomplete and thus inadequate for evaluation purposes. Once VA undertakes to provide an examination, it is obligated to ensure that the examination is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). Thus, on remand, the AOJ should obtain an addendum opinion as to the nature and etiology of all the Veteran's thyroid disabilities. This opinion should include whether the Veteran's thyroid disabilities are related to his active duty service, and whether the Veteran's thyroid disabilities are caused or aggravated by his service-connected psychiatric disorder, to include PTSD (previously characterized as generalized anxiety disorder with PTSD) and the medications taken by the Veteran to treat his psychiatric disorder throughout the appeal period.

II. Obstructive Sleep Apnea and Diabetes Mellitus 

In a March 2014 rating decision, the Waco RO denied the claims of entitlement to service connection for obstructive sleep apnea (OSA) and diabetes mellitus (diabetes).

In February 2015, VA received a statement from the Veteran's representative. Amongst other issues, the representative asked VA to consider his statement as an NOD as to the Veteran's OSA and diabetes claims. As the substantive appeal was received within a year of the March 2014 rating decision, the Board will afford the Veteran the benefit of the doubt, and will construe the February 2015 substantive appeal statements as an NOD with respect to the March 2014 rating decision.

The Board recognizes that claimants must now submit a specific VA Form 21-0958, Notice of Disagreement, in order to begin processing an NOD. However, the VA regulation requiring the filing of a VA Form 21-0958 to initiate an NOD is applicable to claims and appeals filed on or after March 24, 2015. As the Veteran's substantive appeal was received in February 2015, the Board finds that a VA Form 21-0958 is not required, and the Veteran has timely submitted an NOD.

Because the NOD placed the issues in appellate status, the matters must be remanded for the originating agency to issue a statement of the case. See Manlincon v. West, 12 Vet. App. 238, 240-41(1999).

Accordingly, the case is REMANDED for the following action:

1. Obtain all of the Veteran's outstanding records regarding his denied SSDI claim and terminated SSI claim. All obtained records should be associated with the evidentiary record to the extent possible.

The AOJ must perform all necessary follow-up indicated. If the records are not available, or a negative response is received, the AOJ should make a formal finding of unavailability, advise the Veteran and his representative of the status of his records, and give the Veteran the opportunity to obtain the records on his own.

2. After completing the above, and after any records obtained have been associated with the evidentiary record, obtain an addendum opinion from the September 2016 examiner, or another appropriate VA examiner, to determine the nature and etiology of the Veteran's thyroid disabilities, to include hypothyroidism, Hashimoto's thyroiditis, and/or hyperthyroidism. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. The addendum opinion must include a notation that this record review took place. It is up to the discretion of the examiner as to whether a new examination is necessary to provide an adequate opinion.

After the record review and examination of the Veteran if deemed necessary by the examiner, the VA examiner is asked to respond to the following inquiries:

a) Is it at least as likely as not that the Veteran's hypothyroidism, Hashimoto's thyroiditis, hyperthyroidism, or any other type of thyroid disability was either incurred in, or is otherwise related to, the Veteran's active duty service?

The examiner should specifically address the Veteran's private medical opinions issued in early 2012 alleging a noted increased heartbeat during service as evidence of a thyroid condition almost 40 years later.
 
b) Is it at least as likely as not that the Veteran's hypothyroidism, Hashimoto's thyroiditis, hyperthyroidism, or any other type of thyroid disability was caused by his service-connected PTSD (previously characterized as generalized anxiety disorder with posttraumatic stress disorder)?

The examiner should specifically address the Veteran's private medical opinions issued in early 2012 alleging a connection between the Veteran's thyroid and psychiatric conditions.
 
c) Is it at least as likely as not that the Veteran's hypothyroidism, Hashimoto's thyroiditis, hyperthyroidism, or any other type of thyroid disability was aggravated by his service-connected PTSD (previously characterized as generalized anxiety disorder with posttraumatic stress disorder)?

Aggravation indicates a permanent worsening of the underlying condition as compared to an increase in symptoms. If aggravation is found, the examiner should attempt to quantify the extent of additional disability resulting from the aggravation.

The complete rationale for all opinions should be set forth and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. 

The medical professional is advised that the Veteran is competent to report his symptoms and history. Such reports must be acknowledged and considered in formulating any opinion. If the medical professional rejects the Veteran's reports, he or she must provide an explanation for such rejection.

If the medical professional cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation for why an opinion cannot be rendered. In so doing, the medical professional shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

3. The AOJ should conduct any other development deemed appropriate, and ensure that the VA examination reports and opinions comply with the Board's remand instructions.

4. Issue a statement of the case (SOC), and notify the Veteran and his representative of his appellate rights, with respect to the issues of entitlement to service connection for obstructive sleep apnea and diabetes mellitus. The Veteran and his representative should be informed of the requirements to perfect an appeal with respect to these issues. If the Veteran perfects an appeal, the AOJ should ensure that all indicated development is completed before the case is returned to the Board.

5. After the above development (remand directives #1-3) has been completed, readjudicate the claim of entitlement to service connection for a thyroid disability. If any benefit sought remains denied, provide the Veteran and his representative with a supplemental statement of the case (SSOC), and return the case to the Board.

The Veteran and his representative have the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
G. A. Wasik
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).