Citation Nr: 1761205 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 10-18 549 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to a compensable rating for residuals of lingular pneumonitis (originally claimed as spontaneous pneumothorax).


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. Dellarco, Associate Counsel 


INTRODUCTION

The Veteran had active service from December 1970 to February 1972. The Veteran is only service-connected for lingular pneumonitis (originally claimed as spontaneous pneumothorax). The Veteran is not service-connected for any other disabilities.

This matter is before the Board of Veterans' Appeals (Board) from an August 2007 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Fort Harrison, Montana. In February 2017, the Board remanded the claim for further development. 

By the February 2017 Remand, the Board found that the issue of service connection for lung cancer was raised by the record (i.e., the Veteran's November 2005 statement). Accordingly, the Board referred this matter back to the Agency of Original Jurisdiction (AOJ) for appropriate action because the Board did not have jurisdiction over it. See 38 C.F.R. § 19.9(b) (2017). The Board further notes that the Virtual VA and Veterans Benefits Management System (VBMS) does not reflect that the AOJ has taken any action in processing the Veteran's claim for service connection lung cancer, including the required step of sending the Veteran the VA Form 21-526. This matter is again referred to the AOJ. 

REMAND

Obtainment of Federal Records
The RO failed to comply with the February 2017 Remand Instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (conferring right of substantial compliance with remand orders). VA has a duty to obtain relevant records from a Federal department or agency, this includes records from non-VA facilities providing examination or treatment at VA expense, as well as records from other Federal agencies, such as the Social Security Administration (SSA). 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159 (2017); see also Goltz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010) (obtainment of SSA records when deemed relevant to appeal).

Review of the record demonstrates that the RO has failed to obtain the following VA treatment records from the VA in St. Clariresville, Ohio; Springfield, Massachusetts; and Boston, Massachusetts. Additionally, the Veteran's VA Choice Program pulmonology records have not been obtained. 

The RO has also failed to obtain SSA records. The record indicates that the Veteran receives SSA disability for a lung condition. See May 2005 VA Form 21-527 (indicating receipt of SSA benefits). A review of the record indicates that no SSA records have been requested or associated with the claim file. 

Pursuant to the prior Remand Instructions and the VA's duty to assist, the aforementioned records must be obtained (if available), and associated with the claim file. 

The 2017 VA Examination Failed to Comply with the Board's Remand Instructions
The examiner failed to comply with the February 2017 Remand Instructions, see Stegall, supra; and her report is further insufficient because she failed to completely answer all the questions contained in the Disability Benefits Questionnaire (DBQ) and failed to articulate the reasoning behind the medical opinions in her report. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). 

The June 2017 examiner merely gave recitations of the Veteran's medical data, followed by conclusionary statements. This is insufficient for the Board to make an informed decision as to the severity of the Veteran's lingular pneumonitis during the appeal period because it is not responsive to the diagnostic criteria used to evaluate the service-connected disability (Diagnostic Codes 6814-6802). A thorough explanation is further important given the Veteran's multiple pulmonary conditions during the appeal period (the majority of which are not service-connected), history of smoking, and post service asbestos exposure.

Furthermore, it is problematic that the examiner did not opine on the medical evidence submitted by the Veteran in support of his increase rating claim. In particular, Dr. TT wrote that the Veteran's deteriorating pulmonary status was in part related to his service-connected disability. See Veteran's January 2015 Evidence Submission; see also Jan. 2007 VA Primary Care Outpatient Note from Miles City CBOC. 

Remand is needed to ensure substantial compliance with the Board's February 2017 Remand Instructions and for an addendum opinion to address the severity of the Veteran's lingular pneumonitis.

Accordingly, the case is REMANDED for the following action:

1. Obtain VA treatment records from February 2006 forward from the following providers, and associate these records with the claim file:

a) VA in St. Clariresville, OH

b) VA in Springfield, MA

c) VA in Boston, MA

2. Contact the Veteran to identify the VA Choice Program pulmonology provider(s) that he received treatment from during the appeal period. If necessary, obtain from the Veteran a signed release to obtain and access these records. After acquiring this information and obtaining any necessary authorization, obtain and associate the records with the claims file. 

3. Obtain Social Security Administration records associated with the Veteran's application for disability benefits for a lung condition, to include copies of all of the medical records upon which any decision concerning the Veteran's entitlement to disability benefits was based, and associate these records with the claim file.

4. After obtaining all outstanding records, have an appropriate medical professional review the claim file and complete an addendum. Acknowledge that the Veteran is only service-connected for residuals of lingular pneumonitis and no other disabilities (i.e., lung cancer). 

a) Opine on the etiology of the Veteran's PFT results from the June 2017 VA examination. Include an explanation as to why the DLCO test result from the June 2017 VA examination most accurately reflects the severity of the Veteran's service-connected lingular pneumonitis. You must include the reasoning behind any conclusion(s) reached. 

b) Explain why exercise capacity testing was not performed for the June 2017 VA examination, as instructed by the February 2017 Remand. 

c) Determine whether the Veteran has the following in relation to his service-connected lingular pneumonitis: (i) has cor pulmonale; (ii) right ventricular hypertrophy; (iii) pulmonary hypertension (as shown by Echo or cardiac catheterization); and (iv) episodes of acute respiratory failure. 

d) Specify what respiratory condition(s) is responsible for the Veteran's need for inhaled medication, namely inhalational bronchodilator therapy and anti-inflammatory medication. 

e) Is the Veteran's need of outpatient oxygen therapy related to his service-connected lingular pneumonitis or a nonservice-connected disability. 

f) In offering the opinion, the examiner should address the extent the Veteran is functionally impaired by his service-connected of lingular pneumonitis, to include consideration of (i) tumors or neoplasm (June 2017 VA examination); (ii) apical thickening (August 2009 chest xray); (iii) shortness of breath (June 2017 VA examination); and (iv) deteriorating pulmonary state (January 2007 VA Primary Care Outpatient Note from Miles City CBOC by Dr. TT).

A thorough explanation is important given the Veteran's multiple pulmonary conditions during the appeal period, history of smoking, and post service asbestos exposure. If the requested opinion cannot be rendered without resorting to speculation, the examiner must be clear that such an opinion is not procurable based on a lack of knowledge among the "medical community at large" and not merely on a lack of expertise, insufficient information, or unprocured testing on the part of the specific examiner. 

All opinions should be supported by a clear rationale, and a discussion of the facts and medical principles involved should be provided. 

5. After ensuring compliance with the above, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, the Veteran should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).