Citation Nr: 1806312 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 10-36 365 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent for status post head trauma, also referred to as residuals of traumatic brain injury (TBI), to include intermittent dizziness, facial numbness, and speech impairment.

2. Entitlement to a separate compensable rating for migraine, associated with TBI.

3. Entitlement to a separate compensable rating for epileptic seizures, associated with TBI. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

K. McDonald, Associate Counsel
INTRODUCTION

The Veteran served on active duty in the United States Army from September 1986 to January 1987, and from February 2003 to May 2004, with over 16 years of additional inactive service. 

This matter initially reached the Board of Veterans' Appeals on appeal from a June 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas which denied a rating in excess of 10 percent for residuals of TBI. In September 2015, the Board determined that the Veteran's TBI rating had been encompassed by his 100 percent rating for posttraumatic stress disorder (PTSD) and denied that a separate or increased evaluation should be awarded for TBI. This decision was subsequently vacated under joint motion for remand in January 2017, and the Court of Appeals for Veterans Claims (Court) returned the matter to the Board for further consideration. The Board reviewed the case in July 2017 and determined that additional evidentiary development was required. 

The record reveals that additional evidentiary development is still required before this matter is ready for Board adjudication. 38 C.F.R. § 19.9 (2017). Although the Board regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration.

Also, as a point of clarification, the Veteran's disability ratings for PTSD and TBI were previously reclassified by the RO and rated together as of the January 2015 rating decision and thereafter. The Court has questioned whether this constituted a severance of service connection benefits. The Board does not reach any determination as to any potential severance here, but finds that the regrouping or reclassification of TBI with PTSD creates an overall lack of clarity and should be avoided in this instance. Instead, the Board finds it more appropriate to establish separate ratings for the Veteran's manifestations of TBI under the pertinent diagnostic codes as warranted based upon the additional evidentiary development described below, potentially to include separate ratings for migraine (DC 8100), epileptic seizures (DC 8911), those symptoms overlapping with PTSD (DC 9411), and for any remaining residuals of TBI that are not otherwise rated separately (DC 8045). To effectuate this clarification, the Board has framed the issues as listed above. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has previously informed VA that he was in receipt of disability benefits from the Social Security Administration (SSA). The January 2008 notice letter within the claims file indicates that as of May 2, 2007 the Veteran became disabled under SSA rules. No further records from the SSA are included in the claims file. The notice letter does not state upon which disabilities the SSA determination was based, so the Board is unable to determine that the medical records from SSA are, or are not relevant to the matter currently before the Board. Under these circumstances, where SSA disability has not been disassociated from the claimed disability or disabilities before VA and associated federally held medical records are potentially relevant to the Veteran's claim, VA has a duty to acquire a copy of the decision granting SSA disability benefits and the supporting medical documents upon which that decision was based. 38 U.S.C. § 5103A(c); see Golz v. Shinseki, 590 F.3d 1317 (2010). 

Additionally, the Board notes that the most recent VA treatment records that have been associated with the claims file are dated in December 2015. All relevant VA treatment records created since that time should be obtained and associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Social Security Administration to obtain and associate with the claims file all medical records pertinent to the Veteran's award of SSA disability benefits. All attempts to obtain these records, including any negative replies, should be documented in the claims file. 

2. Obtain any recent VA treatment records not currently associated with the claims file. 

3. Undertake any other development deemed warranted, and then readjudicate the Veteran's claim on the basis of the additional evidence. If a benefit sought on appeal is not granted, provide the Veteran and his representative with a Supplemental Statement of the Case, then return the appeal to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
K.J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).