Citation Nr: 1825335 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 14-30 400 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to service connection for a back disability (claimed as chronic upper back pain).

2. Entitlement to service connection for an acquired psychiatric disorder (claimed as posttraumatic stress disorder (PTSD)).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

B. Whitelaw, Associate Counsel



INTRODUCTION

The Veteran served honorably on active duty in the U.S. Coast Guard from May 1995 to July 1999.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

A claim for service connection for a mental disability may encompass claims for service connection of any mental disability that may reasonably be encompassed by several factors, including a claimant's description of the claim, the symptoms a claimant describes, and the information a claimant submits or that the Secretary obtains in support of the claim. Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). Here, the Veteran has generally characterized his psychiatric disorder as PTSD, but the claims file also includes diagnoses for panic disorder, anxiety, and a mood disorder. Accordingly, pursuant to Clemons, the Board has taken an expansive view of the Veteran's claim in characterizing the acquired psychiatric disorder claim, as noted above.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the delay, the issues of entitlement to service connection must be remanded at this time.

As part of its duty to assist a claimant, the VA is required to make reasonable efforts to obtain evidence necessary to substantiate a claim for benefits. 38 U.S.C. 5103A(a)(1) (2012). This obligation includes making reasonable efforts to obtain relevant private records that a claimant adequately identifies. 38 U.S.C. 5103A(b)(1). Likewise, VA is obligated to obtain records from the Social Security Administration (SSA) if there is a reasonable possibility that the records could help substantiate the Veteran's claim. See Golz v. Shinseki, 590 F.3d 1317, 1322 (Fed. Cir. 2010). 

The Veteran's claims file indicates that he has been awarded disability benefits administered by SSA beginning November 2011. These records are potentially relevant as they can provide further insight into the nature and progression of the disabilities for which the Veteran is currently claiming service connection. Accordingly, VA is obligated to obtain them.

In addition, the record indicates that the Veteran has not yet been provided a medical examination to obtain evidence concerning the nature and etiology of any current acquired psychiatric disorder. Similarly, VA treatment records from June 2015 include additional information regarding a possible stressor relating to military sexual trauma that the Veteran contends may substantiate a diagnosis for PTSD. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain any outstanding VA treatment records and associate them with the Veteran's claims file.

2. Thereafter, contact SSA and obtain a copy of any decision regarding the Veteran's claim for SSA benefits, and copies of all medical records underlying any such decision. Associate any records received from SSA with the claims file. If no records are available, a negative response should be associated with the Veteran's claims file.

3. Contemporaneously with items one and two, contact the Veteran and ask him to provide specific information regarding the precise nature and time period for the alleged stressors he claims have caused his PTSD, to include the reports of military sexual trauma noted in a June 2015 VA treatment record. If any information is provided, contact the appropriate authorities to attempt to corroborate any alleged stressor.

4. After completing items one through three, schedule the Veteran for a psychological examination to determine the nature and etiology of any current acquired psychiatric disorder. The entire claims file should be made available to and reviewed by the examiner as well as a list of any verified stressors. The examiner should take a detailed medical history and conduct any tests or studies deemed necessary. The examiner is asked to provide an opinion and complete rationale regarding the following items:

a. Please identify any acquired psychiatric disorders that have been present since the Veteran filed his claim for service connection in March 2012.

b. With respect to the specific question of whether the Veteran has a diagnosis for PTSD, please consider only the verified stressors submitted by the AOJ and please assume that the Veteran's claimed stressor of being involved with a suicide search and rescue mission involving C.P. is verified. The examiner is asked to determine whether any such verified stressor is sufficient to support a diagnosis for PTSD.

c. If there is a diagnosis of PTSD, please provide an opinion regarding whether it is at least as likely as not (50 percent probability or greater) that the Veteran's PTSD arose in or is otherwise etiologically related to active duty service and any verified stressor.

d. If there is an acquired psychiatric disorder other than PTSD, please provide an opinion regarding whether it is at least as likely as not (50 percent probability or greater) that the condition arose in or is otherwise etiologically related to active duty service.

5. After ensuring compliance with the items above, conduct any other development deemed necessary or which is raised by the record.

6. Finally, readjudicate the Veteran's claims. If either claim is not granted, provide the Veteran and his representative a Supplemental Statement of the Case and allow them an appropriate amount of time to respond before returning the claim to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).